**Paul D.S. EDWARDS, Plaintiff,**

v.

**NATIONAL BUSINESS FACTORS, INC., Defendant.**

**No. CV–S–94–584–LRL.**

United States District Court, D. Nevada.

July 7, 1995.

Mitchell D. Gliner, Las Vegas, NV, for plaintiff.

Robert C. Herman, Carson City, NV, for defendant.

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEAVITT, United States Magistrate Judge.

This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (1982) ("FDCPA"). The Court has jurisdiction under 15 U.S.C. § 1692k(d).

Plaintiff contends that a June 6, 1994 dunning notice from defendant to plaintiff violated the FDCPA's prohibition against making false or misleading representations and engaging in unfair practices by falsely threatening legal action and by failing to clearly inform the debtor that he could dispute a portion of the debt, in violation of 15 U.S.C. § 1692e(5) and (10), and § 1692g. The case

was tried before the Court on April 25, 1995. Plaintiff testified on his own behalf; defendant called no witnesses. On the basis of plaintiff's testimony and the stipulations and admissions set forth in the pleadings and papers in the file, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. On July 9, 1993, plaintiff purchased merchandise at Smith's Food and Drug Center (Smith's) in Las Vegas, Nevada. In payment, plaintiff wrote a personal check payable to Smith's in the amount of $34.15. The check, stamped "Refer to Maker," was later returned to Smith's unpaid. On June 3, 1994, Smith's assigned the debt to defendant for collection.

2. On June 6, 1994, defendant mailed to plaintiff a written notification that the debt to Smith's had been assigned to defendant for immediate collection. The notice reflected the amount of the debt, and identified Smith's as the creditor. The notice also contained the following language:

> If you dispute this debt or any portion of it, we must be notified in writing within 30 days. If notified, we shall stop collection action on the disputed amount until we can provide you with verification of the debt. Until and unless such notification is received we shall assume this debt is valid. **FULL PAYMENT OF UNDISPUTED AMOUNTS MUST BE MADE WITHIN FIVE DAYS** or our attorney will be authorized to proceed with action without further notice. This is an attempt to collect a debt and any information obtained will be used for that purpose.

3. The notice was received and read by plaintiff.

4. As of the date of the notice to plaintiff, defendant had not referred plaintiff's account to an attorney.

5. Nor, as of the date of the notice, had defendant obtained written authorization from Smith's to file suit against plaintiff.

6. Plaintiff was not misled by the wording of the notice.

7. Plaintiff was angered by the notice, but suffered neither emotional distress nor any other actual damage as a result of receiving the notice.

### Conclusions of Law

1. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

2. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

3. The debt underlying this action is a consumer debt as defined by 15 U.S.C. § 1692a(5).

4. The FDCPA was enacted to ensure, among other things, "that debt collectors [give] consumers adequate information concerning their legal rights." *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988). The impact of language alleged to have violated § 1692g is evaluated under the "least sophisticated debtor" standard. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir.1982). "That is, if we find that the least sophisticated debtor would likely be misled by the notice which [the consumer] received from [the debt collector], we must hold that the [debt collector] has violated the [FDCPA]." *Swanson, supra*, 869 F.2d at 1225.

5. In small, standard-face type, the June 6, 1994 notice contained the basic information required by § 1692g.[1]

6. Judged by the "least sophisticated debtor" standard, however, the sentence "FULL PAYMENT OF UNDISPUTED AMOUNTS MUST BE MADE WITHIN

---

1. As noted above, the notice contained the amount of the debt and the name of the creditor. It also contained a statement that the consumer had 30 days to dispute the debt, in whole or in part, and that if the consumer failed to dispute the debt (or any portion of it), the debt would be assumed to be valid; and a statement that if the consumer notifies the collector in writing within 30 days that some or all of the debt was disputed, the collector would stop collection action on the disputed amount until verification of the debt was provided to the consumer. The notice did not advise the consumer that upon the consumer's written request the collector would provide the name and address of the original creditor, if different from the current creditor, as required by § 1692g(a)(5). However, because the current creditor is the original creditor, § 1692g(a)(5) has no application to this case.

FIVE DAYS or our attorney will be authorized to proceed with action without further notice" contradicted and overshadowed the debt validation notice required by § 1692g(a). The above-quoted sentence, led by bold-faced capitals, reversed, forcefully conveyed the message that the consumer had *five* days to dispute the debt, not thirty days as the statute requires. To the least sophisticated debtor the message is clear: "Although you are being told you have thirty days to dispute the debt, in reality you have only *five* days to decide what portion of the debt you will not dispute, and to pay that amount, or risk being sued immediately." Such a threat would probably induce an unsophisticated, or even average, debtor to overlook his statutory right to dispute the debt within thirty days.

7. The Court therefore concludes that the five-day demand language rendered the statutory debt validation notice invalid under § 1692g(a).

8. At the time the notice was sent to plaintiff, defendant had no authority from Smith's to file suit against plaintiff. Nor, at the time the notice was sent, was there a reasonable likelihood that such action would be taken.

9. Nevertheless, the notice contained the following statement: "**FULL PAYMENT OF UNDISPUTED AMOUNTS MUST BE MADE WITHIN FIVE DAYS** or our attorney will be authorized to proceed with action without further notice." To the least sophisticated debtor, the threat of "action" by an attorney "without further notice" is a threat of *immediate legal* action. *Pipiles v. Credit Bureau, Inc.*, 886 F.2d 22, 25–26 (2nd Cir.1989). The threat conveyed the impression that Smith's had given defendant the authority to initiate legal proceedings against plaintiff, which was not true.

10. The Court therefore concludes that in connection with the collection of the subject debt defendant falsely, deceptively and misleadingly threatened to take an action that it legally could not take, and did not intend to take, at the time the threat was made. This constitutes a violation of § 1692e(5). *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 62 (2nd Cir.1993).

11. Plaintiff suffered no actual damage as a result of defendant's illegal conduct.

12. Plaintiff is entitled to judgment against defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.

13. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the Court. Counsel for plaintiff shall, not later than June 2, 1995, file and serve an affidavit setting forth plaintiff's costs of suit, reasonable attorney's fee, and a specific accounting in support thereof.