**Frankie Jane JOHNSON, Plaintiff,**

v.

**CRA SECURITY SYSTEMS, Defendant.**

No. C–96–03476 SI.

United States District Court, N.D. California.

Feb. 5, 1997.

Peter F. Caron, Law Offices of Peter Caron, San Francisco, CA, for Frankie Jane Johnson.

Michael J. Boland, Galvin Brown & Boland, San Francisco, CA, for CRA Sec. Systems.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

ILLSTON, District Judge.

On January 31, 1997, defendant CRA Security Systems' motion to dismiss for failure to state a claim came on regularly for hearing. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendant's motion to dismiss.

### BACKGROUND

The complaint in this case alleges that on September 25, 1995, defendant CPA Security Systems, acting on behalf of Loehmann's, Inc., sent plaintiff Frankie Jane Johnson three letters indicating that checks written on her checking account had been returned to Loehmann's marked "Closed Account." On October 2, 1995, in response to CRA's letters, Johnson informed CPA that the checks had been stolen and forged. Johnson included a copy of the police report that she filed after a box of her checks had been stolen from her mailbox.[1]

On September 24, 1996, Johnson filed this action alleging violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); California's Robbins–Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788; and California Business and Professions Code § 17200. Johnson claims that CRA engaged in unfair, unlawful and deceptive business practices and seeks money damages, an injunction against

future violations of the FDCPA, and restitution to affected members of the general public.

On November 18, 1996, CRA filed this motion to dismiss for failure to state a claim under the FDCPA.

### LEGAL STANDARD

Failure of the plaintiff to state a federal claim is generally not a jurisdictional defect. The attack goes to the merits of the claim and therefore the appropriate challenge is under Rule 12(b)(6) for failure to state a claim upon which relief can be granted not a lack of subject matter jurisdiction. *Roberts v. Corrothers,* 812 F.2d 1173, 1178 (9th Cir. 1987).

A motion to dismiss will be denied unless it appears that the plaintiff can prove no set of facts which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,* 792 F.2d 1432, 1435 (9th Cir.1986), *cert. denied,* 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.), *cert. denied sub. nom. Wyoming Community Dev. Auth. v. Durning,* 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 358 (1987).

### DISCUSSION

The FDCPA is a sub-section of the Consumer Credit Protection Act of 1969, more commonly known as the Truth in Lending Act, 15 U.S.C. § 1601 et seq. The FDCPA was passed in 1977 in order to regulate debt

---

1. This was apparently the only contact between the parties, and the matter seems to have been dropped at that point.

collection practices. In this motion, defendant CRA argues that a returned check is not a "debt" for purposes of the FDCPA and that plaintiff therefore has not stated a claim under the Act.

This is a question about which there is some dispute. This Court finds, based on the plain language of the statutes, their legislative history and various Federal Trade Commission guidelines, that dishonored checks are "debts" within the meaning of the Act. This interpretation appears to be consistent with the majority view.

Debt is defined by the FDCPA as:

Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). On the face of it, a dishonored check used to purchase clothing reflects an "obligation ... of a consumer to pay money arising out of a transaction in which the ... property ... which [is] the subject of the transaction [is] primarily for personal ... purposes." [2]

The House Committee Report, associated with this legislation states, "the committee intends that the term 'debt' include consumer obligations paid by check or other non-credit consumer obligations." H.R.Rep. No. 131, 95th Cong., 1st Sess. 4 (1977). Likewise, the Federal Trade Commission's December 13, 1988 Commentary on the FDCPA includes as an example of 'debt' as used in the FDCPA "a dishonored check that was tendered in payment for goods or services acquired or used primarily for personal, family, or household purposes." 53 F.R. 50097, 50102 (1988).

Thus, the interpretation of a returned check as a debt is consistent with the language of the statute, and with both the legislative history and the current interpretation of the FDCPA by the FTC. It is also consistent with the opinion by Judge Karlton in *Newman v. Checkrite California, Inc.*, 912 F.Supp. 1354 (E.D.Cal.1995). In response to defendant's argument that bad check writers are not consumers, the court: in *Newman* stated in a footnote that "the collection of dishonored checks written to retailers falls within the purview of the FDCPA." *Id.* at 1364 n. 7 (citing *In re Scrimpsher,* 17 B.R. 999, 1010 (Bankr.N.D.N.Y.1982), holding that because checks were legal obligations to pay money arising out of a transaction where they were the form of payment, they qualified as a debt under the FDCPA). The same result was reached in *Narwick v. Wexler,* 901 F.Supp. 1275, (N.D.Ill.1995), where the court specifically held that "[a] check satisfies this [FDCPA] definition; the check represented Narwick's obligation to pay money...." *Id.* at 1281.

In addition, numerous reported cases have reached the merits of FDCPA claims in the returned check context, finding without discussion that returned checks were "debts" under the FDCPA. *See Edwards v. National Business Factors, Inc.,* 897 F.Supp. 455, 457 (D.Nev.1995) (an unpaid check creates a consumer debt under the FDCPA); *West v. Costen,* 558 F.Supp. 564, 581–584 (W.D.Va. 1983) (FDCPA regulates addition of service charges to returned checks); *Johnson v. Statewide Collections, Inc.,* 778 P.2d 93 (Wyo.1989) (FDCPA applies to the collection and addition of service charges of a returned check).

The Third Circuit has reached a contrary result. In *Zimmerman v. HBO Affiliate Group,* 834 F.2d 1163 (3rd Cir.1987), that court held that dishonored checks were not "debt" within the Act because:

the type of transaction which may give rise to a 'debt' as defined in the FDCPA, is the same type of transaction that is dealt with in all other sub-chapters of the Consumer Credit Protection Act, i.e., one involving

---

**2.** Nothing in this definition of "debt" requires that the "obligation" arise out of a voluntary or agreed upon deferral of payment—merely that it arise out of a specified type of consumer transaction. Likewise, the term "creditor" is defined in the Act as "any person who offers or extends credit creating a debt **or to whom a debt is owed.**" 15 U.S.C. § 1692a(4). Again, nothing in the definition requires that the debt have been incurred through voluntary or agreed upon deferral of payment.

the offer or extension of credit to a consumer. *Id.* at 1168.

Judge Rosenblatt of the District of Arizona in *Charles v. Checkrite, Ltd.,* C 95–2263 PHX PGR, 1996 WL 819804 (Order filed May 9, 1996), adopted the *Zimmerman* analysis, concluding that the FDCPA did not pertain to checks used in payment. for consumer goods "because there is no *agreed-upon deferral* of payment." *Checkrite* at 2 (emphasis supplied). *See also McClean v. Melville Collections,* 1995 WL 646384 (N.D.Ill., Oct.25, 1995) (protections of FDCPA limited to debts arising from transactions involving the [voluntary] extension of credit); *Battye v. Child Support Serv., Inc.,* 873 F.Supp. 103, 105 (N.D.Ill.1994); *Arnold v. Truemper,* 833 F.Supp. 678, 686 (N.D.Ill.1993).

The distinction in the two lines of cases is that the Third Circuit approach considers "debu" in the FDCPA to require voluntary or consensual extension of credit, primarily through importation of provisions of the companion, but distinct, Truth in Lending Act. The contrary view takes the language of the FDCPA at face value, particularly in light of the legislative history and attendant FTC interpretations.

This Court believes that the statute does include dishonored checks within the scope of "debt." For that reason, defendant's motion to dismiss on this ground must be denied.

## CONCLUSION

For the above reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss.

IT IS SO ORDERED.