Sanford KREVSKY, Plaintiff,

v.

EQUIFAX CHECK SERVICES,
INC., Defendant.

Civil Action No. 1:CV–99–1905.

United States District Court,
M.D. Pennsylvania.

Feb. 14, 2000.

Deanna Lynn Smith, Enola, PA, for plaintiff.

J. Stephen Feinour, Nauman, Smith, Shissler & Hall, Harrisburg, PA, J. Anthony Love, Kirkpatrick Stockton LLP, Atlanta, GA, for defendant.

*MEMORANDUM*

CALDWELL, District Judge.

I. *Introduction*

Plaintiff's amended complaint alleges that Defendant acted unlawfully in attempting to collect a return-check fee. He sets forth three causes of action: (1) a claim under the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. §§ 1692–1692o; (2) a claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681u; and (3) a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Pa.Stat.Ann. tit. 73, §§ 201–1 to 201–9.3 (West 1993 & Supp. 1999).

We are considering Defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6). The main issue presented is whether a check is a debt under the FDCPA.

## II. *Background*

This action arises from the Plaintiff's purchase of consumer goods. The Plaintiff's check to pay for these goods was dishonored. The merchant then turned the check over to the Defendant for collection, and the Defendant sent Plaintiff several letters demanding a $20.00 return-check fee. Plaintiff brought this action contending that these mailings violated the FDCPA.

## III. *Standard of Review*

In deciding this motion, "all facts alleged in the complaint and all reasonable inferences that can be drawn from them must be accepted as true." *Malia v. General Elec. Co.*, 23 F.3d 828, 830 (3d Cir.1994). The motion must be denied unless the Plaintiff can prove no set of facts in support of his claim that would entitle him to recovery. *See Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir.1994).

## IV. *Discussion*

■ The primary goal of the FDCPA is to protect "consumers from abusive, deceptive, and unfair debt collection practices by debt collectors." *Sarver v. Capital Recovery Assoc., Inc.*, 951 F.Supp. 550, 552 (E.D.Pa.1996); 15 U.S.C. § 1692(e). The scope of the Act is limited to those obligations to pay that are defined as "debts" under the FDCPA. *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir.1997). In other words, if there is no debt, the FDCPA does not govern the collection practices.

■ The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily

for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692(a)(5). The Third Circuit Court of Appeals has interpreted this definition to mean that:

[t]he type of transaction which may give rise to a "debt" as defined in the FDCPA, is the same type of transaction as is dealt with in all other subchapters of the Consumer Credit Protection Act ("CCPA") [15 U.S.C. §§ 1601–1693], *i.e.*, one involving the offer or extension of credit to a consumer.

*Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168 (3d Cir.1987). Thus, under *Zimmerman*, the FDCPA applies to Plaintiff's claim only if the transaction is considered a purchase with an option to defer payment. *See id.* at 1168–69; *Sarver*, 951 F.Supp. at 553.

■ Defendant argues that the FDCPA does not apply because the $20.00 which Equifax sought to collect from Plaintiff is not a debt under *Zimmerman*. Plaintiff responds that a check is a debt under the FDCPA. In support of his argument, Plaintiff cites numerous circuit court opinions which have defined debt to include a check. *See Duffy v. Landberg*, 133 F.3d 1120, 1123–1124 (8th Cir.1998); *Charles v. Lundgren & Assoc., P.C.*, 119 F.3d 739, 742 (9th Cir.1997); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322 (7th Cir.1997); *see also Johnson v. CRA Security Systems*, 963 F.Supp. 859 (N.D.Cal.1997).

Although *Zimmerman* did not directly address whether a check is a debt, the court's holding established an important limitation on any FDCPA claim in this circuit. In *Zimmerman*, the Third Circuit addressed whether the defendant cable television companies, in demanding that plaintiffs pay for allegedly pirated television signals, were seeking to collect a debt within the FDCPA. *Zimmerman*, 834 F.2d at 1165. The court held that the FDCPA governs transactions that are consensual in nature, not tortious ones such as

theft of cable television services. *Id.* at 1168. Pertinent to the issue at bar, the court also stated that because the FDCPA is a subchapter of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. §§ 1601–1693, it applied to transactions "involving the offer or extension of credit to a consumer," *id.,* just like other provisions of the CCPA.

In accord with this statement, we have ruled that a check is not a debt for purposes of the FDCPA. *See Cooper v. Logichek,* No. 1:CV–98–1256 (M.D.Pa. Feb. 16, 1999) (Caldwell, J.). Other district courts in the Third Circuit have reached the same conclusion. *See Bezpalko v. Gilfillan, Gilpin & Brehman,* No. Civ.A. 97–4923, 1998 WL 321268 (E.D.Pa. June 17, 1998); *Sarver v. Capital Recovery Assoc., Inc.,* 951 F.Supp. 550 (E.D.Pa.1996).

As Plaintiff's citations reveal, however, other courts have concluded the opposite. For example, the Seventh Circuit Court of Appeals, in *Bass v. Stolper, Koritzinsky, Brewster & Neider,* 111 F.3d 1322, 1324–29 (7th Cir.1997), reviewed the text of the FDCPA and its legislative history. The court found no requirement for an extension of credit in the FDCPA's definition of debt. *Id.* at 1325 (citing 15 U.S.C. § 1692a(5)). Because the FDCPA defines "debt" as "any obligation to pay," the Seventh Circuit reasoned that a debt is created where there is an obligation to pay, regardless of how the underlying transaction is characterized. *Id.* at 1325–1326. In addition, testimony during the House and Senate hearings on the FDCPA included a recognition that the Act would apply to dishonored checks. *Id.* at 1327. The court observed that, in reporting the legislation to the House of Representatives, the House committee stated that it "intends that the term 'debt' include consumer obligations paid by check or other non-credit consumer obligations." *Id.* (quoting H.R.Rep. No. 95–131, at 4 (1977)).

The Seventh Circuit rejected *Zimmerman*'s position that because the FDCPA is placed within the CCPA, Congress intended the FDCPA to cover only debts arising from the extension of credit. *See Bass,* 111 F.3d at 1328. The *Bass* court also distinguished *Zimmerman* on the grounds that *Zimmerman* was concerned primarily with the lack of consent in transactions involving theft, and contended that the Third Circuit's definition of debt was based on a cursory review of the FDCPA. *Id.* at 1326.

Other circuit courts have adopted the reasoning of *Bass* in holding that bad checks are debts under the FDCPA. *See Snow v. Jesse L. Riddle, P.C.,* 143 F.3d 1350, 1353 (10th Cir.1998); *Duffy,* 133 F.3d at 1123–24; *Brown v. Budget Rent–A–Car Sys.,* 119 F.3d 922, 924–25 (11th Cir.1997); *Charles,* 119 F.3d at 741–42; *see also Romea v. Heiberger & Assoc.,* 163 F.3d 111, 115 (2d Cir.1998) (holding that back rent, like a bad check, is a debt under the FDCPA).

■ The decisions from other circuit courts provide persuasive reasons for defining debt to include dishonored checks. Indeed, it makes little sense to protect a consumer who has fallen behind in credit card payments from abusive collection practices without offering the same protection to a consumer whose check has bounced. However, the Third Circuit's holding in *Zimmerman* that, for purposes of the FDCPA, debt requires an extension of credit is controlling. *See Pollice v. National Tax Funding, L.P.,* 59 F.Supp.2d 474, 484 n. 9 (W.D.Pa.1999) (discussing disagreement over FDCPA between courts within the Third Circuit and those of other circuits); *Bezpalko,* 1998 WL 321268, at *3 n. 10 (holding that *Zimmerman* required dismissal of FDCPA claim based on a dishonored check but predicting that "it is likely that the Court of Appeals for the Third Circuit will, at some later point, refine its definition of debt under the FDCPA"). Because payment by check is equivalent to paying with cash, *see Sarver,* 951 F.Supp. at 553–54 (E.D.Pa.1996), a check does not involve the extension of credit. In turn, because Plaintiff's claim

involves a payment by check, there is no debt and Defendant's collection efforts are not covered by the FDCPA. Accordingly, Count I of Plaintiff's complaint will be dismissed for failure to state a claim.

In Count III of his amended complaint, Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681u. The purpose of the FCRA is to require consumer credit reporting agencies to adopt "reasonable procedures" to ensure the "confidentiality, accuracy, relevancy, and proper utilization" of credit information. 15 U.S.C. § 1681(b). Assuming that Defendant gathered and reported information about Plaintiff's dishonored check, Plaintiff has included no allegation that Defendant failed to follow reasonable procedures or that such information was inaccurate. Because Plaintiff has not alleged any act by the Defendant that may have violated the FCRA, Count III will be dismissed.

Because Plaintiff's federal claims will be dismissed, we decline to exercise jurisdiction over the state consumer protection law claim, pursuant to 28 U.S.C. § 1367(c)(3).

We will issue an appropriate order.

### ORDER

AND NOW, this 14th day of February, 2000, upon consideration of Defendant's motion to dismiss the amended complaint, filed December 30, 1999 (Doc. No. 7), it is Ordered that

1. Counts I and III of the complaint are dismissed.

2. Plaintiff's state consumer protection law claim (Count II) is dismissed without prejudice to refiling the claim in state court.

3. The clerk of court shall close the file.