**Randell GARY, on behalf of herself and all others similarly situated,**

v.

**GOLDMAN & COMPANY and Mandee's (properly known as Big M, Inc.)**

**No. CIV.A. 01–3177.**

United States District Court, E.D. Pennsylvania.

Jan. 14, 2002.

---

*seco v. Constr. Laborers Pension Trust,* 93 F.3d 600, 609 (9th Cir.1996).

David A. Searles, Donovan Searles, LLC, Philadelphia, PA, for plaintiffs.

Richard B. Gelade, Law offices of Richard B. Gelade, Trenton, NJ, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendant, Mandee's/Big M., Inc. has filed a motion to dismiss the Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that she has failed to plead a cause of action against it under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* For the reasons which follow, the motion shall be granted.

### Factual Background

In December, 1999, Plaintiff bought several items of clothing at one of the moving defendant's retail stores in Philadelphia, paying for those items with a personal check in the amount of $50.97. Apparently, Plaintiff's check was returned for insufficient funds and Mandee's thereafter turned the plaintiff's account over to defendant Goldman & Company for collection. Goldman sent Plaintiff two letters on May 16, 2001 and June 11, 2001, which Plaintiff alleges violate Sections 1692e, 1692f and 1692g of the FDCPA in that they used false, deceptive and misleading representations in an effort to collect on the debt, failed to advise Plaintiff that she had the right to contest the validity of the debt and attempted to collect an amount not expressly authorized by the agreement

creating the debt or permitted by law. (Complaint, ¶ s11–20). Plaintiff alleges that Moving Defendant is liable for Goldman's actions as "Goldman was acting on behalf of Mandee's, and pursuant to an agency relationship, and Goldman acted with the consent of and under the supervision and control of Mandee's." (Complaint, ¶ 9).

By way of the motion which is now before the Court, Mandee's/Big M, Inc. contends that since a dishonored check is not a "debt" under the FDCPA and it is not a "debt collector" within the meaning of the Act, Plaintiff's complaint fails to state a claim against it upon which relief can be granted.

### Standards Governing Rule 12(b)(6) Motions

Under Rule 12(b)(6), a motion to dismiss may be granted only when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Quarles v. Germantown Hospital & Community Health Services,* 126 F.Supp.2d 878, 880 (E.D.Pa. 2000), (quoting *Hishon* ). The Court must accept all well-pleaded allegations as true and construe the complaint in a light most favorable to the plaintiff when determining whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *See, e.g., Lake v. Arnold,* 232 F.3d 360, 365 (3d Cir.2000); *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). Although generally, courts may not look beyond the complaint in deciding a motion to dismiss, they may consider an undisputedly authentic document that a defendant attaches to the motion if the plaintiff's claims are based on that document. *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir.1994); *Pension Benefit Guaranty*

*Corp. v. White Consolidated Industries, Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993).

### Discussion

#### A. Whether dishonored check is a "debt" under the FDCPA.

■ As noted, Mandee's first seeks dismissal of the complaint against it on the grounds that a dishonored check does not constitute a "debt" within the meaning of the FDCPA. The FDCPA, of course, was enacted as an amendment to the Consumer Credit Protection Act, 15 U.S.C. § 1601, *et. seq.* "to eliminate debt collection practices by debt collectors and to protect consumers against debt collection abuses." *Bezpalko v. Gilfillan, Gilpin & Brehman,* No. 97–4923, 1998 WL 321268, *3, 1998 U.S. Dist. LEXIS 8859, *11 (E.D.Pa.1998), quoting 15 U.S.C. § 1692(e). A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a debt. *Zimmerman v. HBO Affiliate Group,* 834 F.2d 1163, 1167 (3d Cir.1987). Thus, if the financial transaction at issue (i.e. Plaintiff's dishonored check) does not constitute a "debt" under the FDCPA, then Plaintiff has no cognizable federal claim. *Sarver v. Capital Recovery Associates, Inc.,* 951 F.Supp. 550, 552 (E.D.Pa.1996).

"Debt" is defined in Section 1692a(5) of the Act. Under that subsection,

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment.

A number of courts in this circuit, including several within this district have previously considered the question of whether or not a dishonored check oper-

ates as a debt under the FDCPA. In each of those cases, our sister courts concluded that such a check is **not** a debt within the meaning of the Act. *See, e.g., Krevsky v. Equifax Check Services*, 85 F.Supp.2d 479 (M.D.Pa.2000); *Bezpalko* and *Sarver*, both *supra*. In so holding, however, each of these courts relied upon the Third Circuit's decision in *Zimmerman v. HBO Affiliate Group*, also *supra*, that a cable television company's demand for monetary compensation in settlement of asserted legal claims against persons whom the defendants had accused of illegally receiving certain microwavable television signals was not an attempt to collect a "debt" within the meaning of the FDCPA. In recognizing that the statute did not define the nature of the "transaction" which may give rise to a "debt" and that the concept of a transaction is a broad one, the Third Circuit found that:

> "the type of transaction which may give rise to a 'debt' as defined in the FDCPA is the same type of transaction as is dealt with in all other subchapters of the Consumer Credit Protection Act, i.e., one involving the offer or extension of credit to a consumer. Specifically, it is a transaction in which a consumer is offered or extended the right to acquire money, property, insurance or services which are primarily for household purposes, and to defer payment."

*Zimmerman*, 834 F.2d at 1168–1169.

■ Recently, the Third Circuit clarified its holding in *Zimmerman*. In *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir.2000), the Court was confronted with the issue of, *inter alia*, whether overdue water, sewer and tax obligations were "debts" under the FDCPA. The Court of Appeals affirmed the district court's finding that the water and sewer assessments were debts under the Act, while the property tax obligations were

not. In so holding, the Court noted that the above-quoted rationale in *Zimmerman* had been "widely disavowed" by several other courts of appeals in favor of the broader view that the FDCPA applies to all obligations to pay money which arise out of consensual consumer transactions, regardless of whether credit has been offered or extended. The Third Circuit went on to opine that it was not bound by the "disavowed" statement in *Zimmerman*, as it was dictum. Rather, the Court stated, "[i]n our view, the plain meaning of section 1692a(5) indicates that a 'debt' is created whenever a consumer is obligated to pay money as a result of a transaction whose subject is primarily for personal, family, or household purposes. No offer or extension of credit is required." *Pollice*, 225 F.3d at 401. Accordingly, the threshold requirement is now that the debt underlying the FDCPA action arise out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes. *See: Wenrich v. Cole*, Civ. A. No. 00–2588, 2001 WL 4994, *2, 2000 U.S. Dist. LEXIS 18687, *6 (E.D.Pa.2000).

■ Turning then to the transaction at issue in this case, we find that it is clearly one involving property primarily for a personal or family use in that Plaintiff gave Defendant her personal check to pay for clothing. We therefore find that, under *Pollice*, the dishonored check issued in this case was a "debt" under the Fair Debt Collection Practices Act and the defendant's motion to dismiss on this basis is denied.

**B. Whether Moving Defendant is a "debt collector" under the FDCPA.**

■ Mandee's next avers that the complaint fails to plead a claim under the

FDCPA because it is not a "debt collector" within the Act's definition of that term. The FDCPA's provisions generally apply only to "debt collectors." *Pollice,* 225 F.3d at 403. Under 15 U.S.C. § 1692a(6),

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal business of which is the enforcement of security interests. The term does not include-

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

> (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

> (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

> (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

Creditors themselves are thus generally not subject to the FDCPA. *Pollice,* 225 F.3d at 403, citing, *inter alia, Aubert v. American Gen. Fin. Inc.,* 137 F.3d 976, 978 (7th Cir.1998) and *Staub v. Harris,* 626 F.2d 275 (3d Cir.1980).

■ In this case, we note that nowhere in her complaint does Plaintiff allege that Mandee's/Big M is a debt collector within the meaning of the Act. Rather, it is clear from the face of the plaintiff's complaint that the debt at issue is owed to the moving defendant itself and hence moving defendant is a creditor-not a debt collector. Thus, even imputing Goldman's actions to Mandee's, it is clear that if true, Mandee's would be endeavoring to collect its own debt-not that of a third party. Accordingly, we can reach no other conclusion but that the moving defendant is not a debt collector under the FDCPA.

Instead, it appears that Plaintiff is endeavoring to hold Moving Defendant liable for Goldman's actions on the basis of an agency theory. As recognized in the *Pollice* case, while there is relatively little case law on the subject of vicarious liability under the FDCPA, there are cases supporting the notion that an entity which itself meets the definition of "debt collector" may be held vicariously liable for unlawful collection activities carried out by another on its behalf. *Pollice,* 225 F.3d at 404. In this case, however, the complaint is absolutely devoid of allegations from which this Court could find that Mandee's/Big M in any way could be considered to be a debt collector itself. We therefore can find no basis to sustain plaintiff's vicarious liability theory against the moving defendant.

For all of the foregoing reasons, we must agree with the movant that the plaintiff has failed to plead a cause of action upon which relief may be granted against it under the Fair Debt Collection Practices Act. Given that all of the plaintiff's remaining claims are state, common law claims, we decline to exercise supplemental jurisdiction over them. *See:* 28 U.S.C. § 1367(c)(3); *Borough of West Mifflin v. Lancaster,* 45 F.3d 780 (3rd Cir.1995); *Cronin v. West Whiteland Township,* 994 F.Supp. 595 (E.D.Pa.1998). Accordingly, the motion to dismiss shall be granted in accordance with the attached order.

### *ORDER*

AND NOW, this day of January, 2002, upon consideration of the Motion of Defendant Mandee's to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6), and Plaintiff's response thereto, it is hereby ORDERED that the Motion is GRANTED and Plaintiff's Complaint as against Moving Defendant is DISMISSED without prejudice to Plaintiff's right to re-file her state law claims in the appropriate state court.