United States Court of Appeals,

Eleventh Circuit.

No. 96-2546.

Samuel L. BROWN, Plaintiff-Appellant,

v.

BUDGET RENT-A-CAR SYSTEMS, INC., Defendant-Appellee,

D.W. Story & Associates, Inc., Charles E. Natkins, Jason L. Unger, Defendants.

Aug. 15, 1997.

Appeal from the United States District Court for the Middle District of Florida. (Nos. 94-1888-CIV-T-24C, 94-1892-CIV-T-24E), Susan C. Bucklew, Judge.

Before DUBINA and BLACK, Circuit Judges, and COHILL[*], Senior District Judge.

PER CURIAM:

This appeal presents the issue of whether unpaid administrative and other fees charged under the rental agreement by an automobile and truck rental company in the event of an accident constitute "debt" under the Fair Debt Collection Practices Act. We hold that such fees fall within the ambit of the Act, and remand for further proceedings.

I. BACKGROUND

Appellant Samuel L. Brown rented a truck and car dolly from a Budget-Rent-A-Car (Budget) location in Connecticut for his move to Florida. When Brown arrived at the Budget location, he was informed that he could pick up the truck, but that he would have to travel to another location to get the dolly. Brown signed the agreement to rent the truck and the car dolly and paid Budget $1,183.26 in cash. That sum included Loss Damage Waiver (LDW) protection at a weekly rate of $60.

After signing the agreement, Brown proceeded in the rented truck to the second Budget location to pick up the dolly. On his way to the second Budget location, Brown collided the rented vehicle with an underpass and damaged the vehicle. Budget subsequently demanded payment for the repairs, loss of use, and administrative fees from both Brown and his insurance company.

---

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

Brown's insurance carrier paid for the damage to the truck, but refused to pay the deductible or loss of use fee. Brown has refused to pay these charges because he believes them to be encompassed by the LDW protection.

Budget contends that LDW coverage does not apply and that Brown violated the restrictions clause prohibiting use or operation of the vehicle through any underpass with insufficient clearance. Budget retained the services of D.W. Story & Associates (Story), Charles E. Natkins, and Jason L. Unger to initiate collection activities against Brown. The collection agents demanded payment of $825. The $825 claim consisted of (1) $525 for "Loss of Use"; (2) a $100 "Administrative Fee"; and (3) $200 as a "Deductible."

Brown filed suit, alleging claims for breach of contract, unconscionability, and failure of consideration against Budget for denying coverage for the accident under the LDW protection and assessing an administrative fee. Brown also asserted causes of action under the Florida Consumer Collection Practices Act and the Federal Fair Debt Collection Practices Act against Defendants Story, Natkins, and Unger for their actions involving the collection of the alleged "debt." Finally, Brown sought class certification. The district court granted the Defendants' motion to dismiss on the Florida Consumer Collection Practices Act and the Federal Fair Debt Collection Practices Act claims, denied class certification, declined to exercise supplemental jurisdiction, and closed the case.

## II. DISCUSSION

A. *Denial of class certification.*

Appellant argues on appeal that the district court erred when it denied class certification for "a class of Budget customers who purchased LDW but were still required to pay Budget for damage to the vehicle, loss of use and administrative fees." After a careful review of the record, we find no abuse of discretion.

B. *Dismissal of the complaint for failure to state a cause of action.*

We review the dismissal of a complaint for failure to state a claim *de novo,* accepting all allegations in the complaint as true and construing facts in a light most favorable to the plaintiff. *Harper v. Thomas,* 988 F.2d 101, 103 (11th Cir.1993). A complaint may not be so dismissed "unless

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pataula Elec. Membership Corp. v. Whitworth,* 951 F.2d 1238, 1240 (11th Cir.) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *cert. denied,* 506 U.S. 907, 113 S.Ct. 302, 121 L.Ed.2d 225 (1992).

The district court found that because the alleged obligations did not arise from an "extension or offer of credit," Brown failed to plead the essential element of a "debt." Thus, this appeal presents the issue of whether Brown met the threshold requirement that the prohibited practices alleged were used in an attempt to collect a debt as defined by the Fair Debt Collection Practices Act (FDCPA).

The purpose of the FDCPA is to "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (1997).

The statute defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

Appellant Brown asserts that Appellees engaged in a prohibited practice under the FDCPA by attempting to enforce an illegitimate debt. Appellees argue that the nature of the debt in this case does not fall within the definition contemplated by the Act. According to Appellees, this case does not present the type of deferred payment contemplated by the Act. In so arguing, Appellees contend that the Act's definition of "creditor" requires an extension of credit.

Does a "debt" require the extension of credit? We start with the plain language of the statute. *See Holly Farms Corp. v. NLRB,* --- U.S. ----, ----, 116 S.Ct. 1396, 1401, 134 L.Ed.2d 593 (1996). The only relevant reference to an extension of credit in the Act is in the definition of "creditor." The Act defines "creditor" in the disjunctive. As "a general rule, the use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately. Hence,

language in a clause following a disjunctive is considered inapplicable to the subject matter of the preceding clause." *Quindlen v. Prudential Ins. Co. of America,* 482 F.2d 876, 878 (5th Cir.1973).

The Seventh Circuit recently provided a thorough analysis of the definition of debt as used in the FDCPA. In *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322 (7th Cir.1997), the parties disputed whether a dishonored check created debt that would invoke the protections of the FDCPA. The *Bass* court found that the payment obligation which arose from a dishonored check constitutes a debt as defined in the Act. *Id.* at 1325. The court commented on the broad definition of debt in the Act and reasoned that "[a]s long as the transaction creates an obligation to pay, a debt is created." *Id.* We agree with that reading of the statute. Extension of credit is not a prerequisite to the existence of a debt covered by the FDCPA. Budget's assertion that Brown is obligated as a result of a consumer transaction suffices to bring the obligation within the ambit of the FDCPA.[1] *See* 15 U.S.C. § 1692a(5).

Although the unambiguous language of the statute renders consideration of extrinsic sources unnecessary, *see Holly Farms,* --- U.S. at ----, 116 S.Ct. at 1401, we note that the legislative history confirms our reading of the statute. Congress considered and rejected Appellees' understanding of the statute. Early drafts of the FDCPA restricted the term debt to "any obligation arising out of a transaction in which credit is offered or extended to an individual, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." H.R. 13720, 94th Cong., 2d Sess. (1976). Congress deleted the credit extension, however, and never reinserted the restriction. *See Bass,* 111 F.3d at 1327. We conclude that Congress did not intend to include a credit extension requirement. *See Heintz v. Jenkins,* 514 U.S.

---

[1]Appellees urge us to follow the lead of the Third Circuit in *Zimmerman v. HBO Affiliate Group,* 834 F.2d 1163 (3d Cir.1987). *Zimmerman* is inapposite. The *Zimmerman* court addressed whether cable television companies were seeking to collect a "debt" within the meaning of the Act in demanding monetary compensation in settlement of asserted legal claims against person accused of illegally receiving television signals. *Id.* at 1167. The court correctly held that theft is not covered by the Act. *Id.* at 1168. While it is true that the unauthorized HBO viewers owed an obligation to the cable company, that obligation arose from the pirating of television signals; there was no transaction as is required by the Act. We consider the *Zimmerman* court's commentary on the credit-based nature of debt to be *dicta.* To the extent that it read an extension of credit requirement into the definition of debt, we join the *Bass* court in the respectful parting of ways. *See Bass,* 111 F.3d at 1326.

291, 294-96, 115 S.Ct. 1489, 1491, 131 L.Ed.2d 395 (1995).

Because the Act requires no extension of credit, it does not appear beyond doubt that Brown can prove no facts in support of his claim that would entitle him to relief. *See Pataula Elec. Membership Corp. v. Whitworth,* 951 F.2d 1238, 1240 (11th Cir.) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *cert. denied,* 506 U.S. 907, 113 S.Ct. 302, 121 L.Ed.2d 225 (1992). The district court did not have the benefit of the *Bass* court's analysis. We remand the case for further proceedings.

REVERSED and REMANDED for proceedings consistent with this opinion.