Glenn A. **FULLER**, Vera J. **Fuller**, Charles F. **Curry**, and Norma **Curry**, on behalf of themselves and others similarly situated, Plaintiffs,

v.

**BECKER & POLIAKOFF, P.A.,** and Chris Alan **Draper**, Defendants.

No. 8:00–CV–341T–17TGW.

United States District Court, M.D. Florida, Tampa Division.

March 11, 2002.

O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL, Christopher Nicholas Giuliana, Giuliana Associates, Chartered, Dunedin, for Glenn A. Fuller, on behalf of himself and all others similarly situated, Vera J. Fuller, on behalf of herself and all others similarly situated, Charles S. Curry, on behalf of himself and all others similarly situated, Norma Curry, on behalf of herself and all others similarly situated, plaintiffs.

Richard Michael Zabak, Gray, Harris, Robinson, Shackleford, Farrior, Tampa, Garry Rhoden, Pappas, Metcalf & Jenks, P.A., Jacksonville, for Becker & Poliakoff, P.A., Chris Alan Draper, defendants.

## ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Plaintiffs' Motion for Partial Summary Judgment and Memorandum of Law in support thereof (Dkt.Nos.41–42); Plaintiffs' Statement of Material Facts (Dkt. No. 43); Defendants' Legal Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 34); Defendant's Motion for Summary Judgment (Dkt. No. 44); and Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 56).

### Background

Glenn A. Fuller, Vera J. Fuller, Charles F. Curry, and Norma Curry (Plaintiffs), have filed suit on behalf of themselves, and others similarly situated, against Becker & Poliakoff, P.A. (Defendant Becker & Poliakoff) and Chris Alan Draper (Defendant Draper) for violations of the Fair Debt Collection Practices Act, Title 15, United States Code, Sections 1692, *et seq.* (FDCPA) and the Florida Consumer Collections Practices Act, Florida Statutes, Sections 559.55, *et seq.* (FCCPA). Plaintiffs assert that Defendants have violated the FDCPA and the FCCPA through deceptive, unfair collection practices. Specifically, Plaintiffs allege that Defendants violated these acts by sending a letter, dated February 24, 1999, to Plaintiffs and other members of a property owners association regarding delinquent maintenance assessments. The letter, which Defendant Draper wrote on behalf of the Deer Creek Phase Two UDI Property Owners Association (the Association), provided in part:

[T]he Association is attempting to resolve [past-due maintenance assessments] and move forward through the following offer:

(1) For those who have not paid since 1997 or prior, you must pay the amount of $75.00 for the last quarter of 1997, $360.00 total for the four (4) quarters of 1998, $90.00 for the first quarter of 1999, plus $50.00 for attorney fees for this collection letter .... If these amounts, in total are received within thirty (30) days, the Association will take no further action to collect the prior delinquent amounts or to assess or collect for attorney's fees and costs.

(2) [i]n the event that you wish to terminate your ownership of your UDI interest ... the Association will accept a Quit Claim Deed in return for your payment of the above owed sums, depending on your particular circumstance, plus the amount of $200.00, which will cover the cost for this letter as well as the preparation, filing and recording of the enclosed Quit Claim Deed.

(3) In the event that you do not choose one of the two above options and communicate that acceptance to the undersigned on or before thirty (30) days from the date this letter is sent, we shall proceed to enforce through the filing of a lawsuit against all of the delinquent owners.

*Unless, within thirty days after the receipt of this correspondence you dispute the validity of the amounts due ... the amount due will be assumed to be valid. If you dispute the amount due, we would appreciate you submitting any documentation or evidence that you have in support of your contention that the amounts due are not correct.*

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*

(Dkt. No. 43, Pl.'s Ex. 3 (emphasis in original)).

This Court granted Plaintiffs' Motion for Class Certification on November 9, 2000. *Fuller v. Becker & Poliakoff*, 197 F.R.D. 697 (M.D.Fla.2000). The certified class members include all persons to whom the above-referenced collection letters were sent that the United States Postal Service did not return as undeliverable. The class is divided into two classes because the statute of limitations differs between the two acts under which this dispute arises. The FDCPA subclass includes class members who were sent a collection letter between the dates of February 8, 1999 and February 18, 2000. The FCCPA subclass includes class members who were sent a collection letter between the dates of February 18, 1996 and February 18, 2000.

In their Complaint, Plaintiffs allege that Defendants violated the FDCPA by failing to state the "amount of debt," in violation of Section 1692g(a)(1); by contradicting and overshadowing the validation notice, in violation of Sections 1692g(a) and 1692e(10); by falsely representing a remedy available to the creditor, in violation of Section 1692e(4); and by using false representations and deceptive means in attempting to collect debts, in violation of Section 1692e(10). Additionally, Plaintiffs assert a cause of action against Defendants for violating the FCCPA on the grounds that Defendants asserted the existence of a legal right when they knew that the right did not exist.

Defendants argue that they have not violated the FDCPA because the maintenance assessments are not debts for the purposes of the FDCPA, and they are not debt collectors under the statute. Plaintiffs now move for partial summary judgment and ask this court to enter judgment declaring that Defendants' February 24, 1999 letter violated both the FDCPA or the FCCPA. Plaintiffs also request that

the Court grant damages in the amount of five hundred dollars per each Plaintiff and class member. Defendants assert that there are disputed issues of fact as to whether Defendants' February 24, 1999 letter violated either the FDCPA and the FCCPA and that their affirmative defenses bar Plaintiffs' summary judgment. Defendants further dispute that Plaintiffs are entitled to five hundred dollars per Plaintiff and class member under the FCCPA.

Instead, Defendants assert that this Court should grant summary judgment in their favor because there are no genuine issues of material fact as to whether the maintenance assessments are "debts" or whether Defendants are "debt collectors" under the FDCPA or the FCCPA; thus, they assert that they are entitled to judgment as a matter of law.

## Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That burden can be discharged if the moving party can show the Court that there is "an absence of evidence to support the nonmoving party's case." *Id.* at 323, 325, 106 S.Ct. 2548. When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. 2548.

Issues of fact are " 'genuine' only if a reasonable jury considering the evidence

presented could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those that will affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. 2505. In determining whether a material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First Natl. Bank of Mt. Pleasant*, 595 F.2d 994, 996–997 (5th Cir.1979).

The court may not weigh the credibility of the parties on summary judgment. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir.1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact. *Id.*

### Discussion

### I. Fair Debt Collection Practices Act (FDCPA)

Congress passed the FDCPA to protect consumers from debt collectors' abusive debt collection practices. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir.1998). The FDCPA prohibits harassing or deceptive conduct in the collection of a debt. 15 U.S.C. §§ 1692d, 1692e. Congress enacted the FDCPA after finding "abundant evidence of the use of abusive, deceptive, and unfair debt practices by many debt collectors." *Id.* § 1692(a). The FDCPA states, in part, that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. A debt collector may not collect from a consumer "any amount (including interest, fee, charge, or expense incidental to the principal) unless such amount is expressly authorized by the

agreement creating the debt or permitted by the law." *Id.*

■ In order to prevail on a FDCPA claim, a Plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360–1361 (S.D.Fla.2000) (quoting *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 470 (M.D.La.1995)).

### A. Consumer Debt

■ Defendants argue that the maintenance assessments that were the subject of Defendants' February 24,1999 letter are not debts under the FDCPA, and this Court must grant summary judgment in their favor because there is no violation of the FDCPA. The Court does not agree.

■ Section 1692a defines "debt" as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a. A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed." *Id.* § 1692a(4). The Eleventh Circuit Court of Appeals has endorsed the Seventh Circuit's view that, for the purposes of the FDCPA, a debt is created whenever a transaction creates an obligation to pay. *Brown v. Budget Rent–A–Car Systems, Inc.*, 119 F.3d 922, 924 (11th Cir.1997) (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir.1997)). A "transaction" must involve, at a minimum, some kind of business dealing or other consensual obligation. *Hawthorne*, 140 F.3d at 1370. The court further held that the

"extension of credit was not a prerequisite to the existence of a debt covered by the FDCPA." *Brown,* 119 F.3d at 924. Finally, the Eleventh Circuit recognized that a debt for the purposes of the FDCPA must involve *consumer* transactions to be actionable. *See Hawthorne,* 140 F.3d at 1372 (holding that a debt arising from tortious conduct on the part of the defendants does not constitute a consumer transaction for the purposes of the FDCPA).

Although many circuits have addressed the issue of whether maintenance assessments qualify as debts under the FDCPA, the Eleventh Circuit has not yet specifically addressed this issue. Defendants ask this Court to follow the Northern District of Florida's decision in *Azar v. Hayter,* where the court held that condominium assessments were not debts for the purposes of the FDCPA. 874 F.Supp. 1314 (N.D.Fla.1995), *aff'd without opinion,* 66 F.3d 342 (11th Cir.1995), *cert. denied,* 516 U.S. 1048, 116 S.Ct. 712, 133 L.Ed.2d 666 (1996). In concluding that the assessments were not debts, the court, relied on the Third Circuit's decision in *Zimmerman v. HBO Affiliate Group,* which defined "debt" as a transaction involving the offer or extension of credit. *Id.* at 1318 (citing *Zimmerman,* 834 F.2d 1163 (3d Cir.1987) (holding that a debt under the FDCPA "is a transaction in which a consumer is offered or extended the right to acquire 'money, property, insurance, or services' which are 'primarily for household purposes' and to defer payment")). Because the assessments arose as part of a contract from the purchase of the condominium, were assessed on a regular basis, and were not deferred payments on a prior debt, the *Azar* court held that there was no offer or extension of credit; thus, the condominium assessments were not debts for the purposes of the FDCPA. *Id.*

Apparently because the Eleventh Circuit affirmed the Northern District's decision, Defendants urge this Court to accept the reasoning that maintenance assessments are not debts. However, Defendants fail to acknowledge that, in subsequent decisions, the Eleventh Circuit expressly rejected the notion that a debt under the FDCPA must involve an extension of credit. *See Brown v. Budget Rent–A–Car,* 119 F.3d at 924 (holding that "extension of credit was not a prerequisite to the existence of the debt covered by the FDCPA"). The Court declines to follow Defendants' interpretation of "debt" and, instead, agrees with the Seventh Circuit's determination that maintenance assessments are debts under the FDCPA.

In *Newman v. Boehm, Pearlstein & Bright, Ltd.,* the Seventh Circuit held that past-due condominium assessments qualified as debts under the FDCPA. 119 F.3d 477 (7th Cir.1997). The *Newman* plaintiffs were condominium owners who received collection letters regarding past-due condominium assessments. *Id.* at 479. The letter, which the defendant law firms sent on behalf of the condominium association, notified the plaintiffs of the amount that they owed and informed them that they had thirty days to respond, otherwise the association would begin proceedings to obtain possession of the plaintiffs' condominium units.

The plaintiffs filed suit on the grounds that the collection letter violated the FDCPA, and the defendant law firms moved to dismiss the case, arguing that the assessments were not debts under the FDCPA. Following the previous definition of "debt" that the Third Circuit set out in *Zimmerman,* the district court held that the assessments were not debts and granted the defendants' motion to dismiss.

In noting another Seventh Circuit panel's rejection of the "extension of credit"

requirement in *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir.1997), the *Newman* court reasoned that past-due assessments qualified as obligations of consumers arising out of a transaction; thereby, satisfying the transaction element of a "debt" under the FDCPA because the obligation to pay was derived from the previous transaction of purchasing the condominium. *Id.* at 479. Moreover, because the purchase of the condominium had a personal, family, or household purpose, the assessments also had such purpose because they were used to maintain and directly benefit the condominiums. *Id.* The condominium assessment fees satisfied the definition of "debt" for the purposes of the FDCPA. *Id.*

Like the condominiums in *Newman,* the interests that Plaintiffs bought in the RV park were for personal or family purposes. Also, like the past-due assessments in *Newman,* Plaintiffs' maintenance assessments arose out of the purchase of the interest in the RV park, and the assessments are used to maintain the park for the benefit of the park; thus, the assessments are for personal or family purposes. Moreover, the maintenance assessments are obligations of arising out the Plaintiffs' transactions in purchasing the interests in the RV park. Therefore, the Court finds that the maintenance assessments that the Association sought to collect in Defendants' February 24, 1999 letters are debts subject to the FDCPA. *See e.g. Ladick v. Van Gemert,* 146 F.3d 1205 (10th Cir.1998) (holding that condominium assessments are debts subject to the FDCPA); *Garner v. Kansas,* 1999 WL 262100 (E.D.La.1999) (holding that condominium assessments are debts subject to the FDCPA); *Thies v. Law Offices of William A. Wyman,* 969 F.Supp. 604 (S.D.Cal.1997) (holding that homeowners' maintenance assessments are debts under the FDCPA); *Dorsey v. Morgan,* 760 F.Supp. 509 (D.Md.1991) (holding

that campground membership obligations are debts for the purposes of the FDCPA); *but see Bryan v. Clayton,* 698 S.2d 1236 (Fla.App. 5th Dist.1997) (holding that a homeowners' association assessments was *not* a debt under the FDCPA).

**B. Debt Collector**

■ A "debt collector" is defined under the statute as those persons who "regularly collec[t] or attempt[t] to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a). The United States Supreme Court has interpreted this definition to include lawyers who regularly try to obtain payment of consumer debts through legal proceedings. *Heintz v. Jenkins,* 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) ("[A] lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts."). Moreover, the Supreme Court inferred that, because Congress repealed the exemption for attorneys who "collect[ed] a debt as an attorney on behalf of and in the name of a client" in an earlier version of this statute, Congress intended that lawyers be subject to the FDCPA whenever they meet the "debt collector" definition. *Id.*

■ Defendant Draper is an attorney who does "collection and foreclosure work." (Draper Dep. pg. 27). Defendant Becker & Poliakoff also lists collection and foreclosure as its practice areas in its firm profile. (Dkt. No. 49, Pls.Ex. 1). As the United States Supreme Court recognized, if Congress intended for attorneys who engage in debt collection to be exempted from the Act, it would not have repealed the exemption that attorneys were given in the earlier version of the statute. Therefore, the Court finds that Defendants are attorneys who regularly collect or attempt

to collect debts and are debt collectors for the purposes of the FDCPA.

## C. Violations of the FDCPA

■ Plaintiffs allege that the February 24, 1999 letter violated the FDCPA in several ways. Specifically, Plaintiffs allege the letter failed to state the "amount of debt," in violation of Section 1692g(a)(1); contradicted and overshadowed the validation notice, in violation of Sections 1692g(a) and 1692e(10); falsely represented a remedy available to the creditor, in violation of Section 1692e(4); and used false representations and deceptive means in attempting to collect debts, in violation of Section 1692e(10). Although a finding of a single violation would justify summary judgment in favor of Plaintiffs, the number and extent of violations contained in the letter is relevant to the issue of proper damages that the class is awarded. *Schimmel v. Slaughter*, 975 F.Supp. 1357, 1362 (M.D.Fla.1997).

### 1. Section 1692e

■ Title 15, United States Code, Section 1692e(10) provides that:

A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

15 U.S.C. § 1692e(10). The Eleventh Circuit has adopted the "least sophisticated debtor" standard in analyzing claims under Section 1692e(10). The "least sophisticated consumer" standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collectors's practices. *Jeter v. Credit Bu-*

*reau, Inc.,* 760 F.2d 1168, 1175–1176 (11th Cir.1985). Here, it must be determined whether Defendants' February 24, 1999 letter would deceive or mislead the least sophisticated consumer.

In subparagraph three of the February 24, 1999 letter, Defendants assert that, if Plaintiffs fail to respond to the letter on or before thirty days of the date of the letter, Plaintiffs will incur "a substantial amount of attorney's fees and costs, which [Plaintiffs] are personally liable for and which can also constitute a judgment against any property [Plaintiffs] own, whether within or without the State of Florida." Plaintiffs argue that the statement is a false representation and violates the FDCPA. The Court agrees. As the Southern District of Florida pointed out in *Schimmel v. Slaughter*, this kind of language lends itself to the interpretation that "a judgment against the debtor is a certainty once suit is filed." 975 F.Supp. at 1363 (citing *Dutton v. Wolhar*, 809 F.Supp. 1130, 1141 (D.Del.1992)).

Although the parties go to great length to dispute the meaning of "can," they both overlook the fact that an unsophisticated consumer reading a letter originating from a lawyer and stating that the consumer would incur "substantial amounts of attorney fees and costs" would very likely interpret the letter to mean that there was no chance in prevailing once a lawsuit was filed. Thus, the exact context of "can" is not determinative of whether the letter was a false representation under the FDCPA when the language is looked at through the eyes of the least sophisticated consumer. Because the Court finds that this language is a false representation and misleading to the least sophisticated consumer, Defendants' letter violates Section 1692e of the FDCPA.

■ Plaintiffs also claim that the letter is deceptive because it misstates the period

in which they are allowed to dispute the debt. In subparagraph three, the letter states that, if Plaintiffs fail to respond within thirty days from the date the letter is sent, Defendants "shall proceed to enforce through the filing of a lawsuit against all delinquent owners." In the next paragraph, in bold italic typeface, the letter states that if Plaintiffs fail to respond within thirty days of *receipt* of the letter, the amount due will be assumed to be valid. Although these paragraphs differ in whether the thirty days begins to run on the date of the letter or after the receipt of the letter, the Court finds that nothing in the letter restricts the period to less than the thirty days that the statute provides. The Court recognizes that the letter is unartfully drafted and poorly worded; however, even when viewed from the perspective of the least sophisticated consumer, the Court finds that this language is not deceptive under Section 1692e.

### 2. Section 1692g

Section 1692g provides, in part, that, within five days of the initial communication with a consumer, the debt collector must provide the consumer with written notice containing the amount of the debt that the consumer owes and the consumer's right to dispute the debt in writing within thirty days from the date the notice is received. 15 U.S.C. § 1692g(a). Plaintiffs allege that Defendants have violated the FDCPA because the February 24, 1999 letter fails to state the amount of debt that the Plaintiffs owe. They also assert that the validation notice was not adequate or, alternatively, that it was "overshadowed" by other language in the letter.

### Amount of Debt

 Plaintiffs assert that the Defendants' letter violated Section 1692(a)(1) of the FDCPA because it failed to state the amount of debt that Plaintiffs owe. Plain-

tiffs argue that the amounts set forth are nonspecific and confusing and leave Plaintiffs unable to determine the amount that they are required to pay. The Court agrees.

In subparagraph one, Plaintiffs are notified of different amounts that they may owe, depending on when their delinquent payments began; however, Plaintiffs are not told whether they owe the full amount stated nor are they notified as to when their delinquent payments began. The letter states,

> For those of you have not paid since 1997 or prior, you must pay the amount of $75.00 for the last quarter of 1997, $360.00 total for the four (4) quarters of 1998, $90.00 for the first quarter of 1999, plus $50.00 for attorney fees for this collection letter . . . .

This language does not state the amount of debt owed for the purposes of the FDCPA. For example, if a Plaintiff has paid his assessment fees through 1997 and part of 1998, there is no indication as to how much he owes or how he is to determine that figure. The letter puts those Plaintiffs that are not delinquent in making payments since 1997 at risk of being deceived that they owe the full amount when, in fact, they may not. These blanket statements are the sort that the FDCPA was meant to protect. The Court concludes that Defendants' letter fails to state the amount of debt owed in violation of Section 1692g(a)(1).

### Validation Notice

 The basis for the inadequate or overshadowed notice claim is the letter's statement that, if Plaintiffs fail to respond on or before thirty days from the date the letter was sent, Defendants "shall proceed to enforce through the filing of a lawsuit against all delinquent owners," as well as the first sentence of the following para-

graph, which states that, if Plaintiffs fail to respond within thirty days of *receipt* of the letter, the amount due will be assumed to be valid. Plaintiffs argue that the former sentence cuts short the time period provided by the statute and that the two paragraphs contradict each other, misleading and deceiving Plaintiffs as to the amount of time that they have to dispute the charge.

As noted above, the Court finds that, although the letter contains unintentionally imprecise sentences, there is nothing in the letter to suggest that Plaintiffs have less than thirty days to dispute the charge. Accordingly, the Court finds that the validation notice contained in the letter was not overshadowed by other language in the letter, was not misleading, and does not violate Section 1962g of the FDCPA.

Because the Court finds that Defendants' February 24, 1999 letter violates Sections 1692e and 1692g of the FDCPA, Plaintiffs' Motion for Partial Summary Judgment must be granted.

## II. Florida Consumer Collections Practices Act (FCCPA)

Plaintiffs argue that Defendants violated the FCCPA by attempting to collect a debt that they knew was not legitimate. Section 559.72(9) of the Florida Statutes provides:

In collecting consumer claims, no person shall:

(9) Claim, attempt, or threaten to enforce a consumer claim when such person knows that the claim is not legitimate or some other legal right when such person knows that the right does not exist.

Fla Stat. § 559.72(9). After reviewing the record, the Court finds that Plaintiffs have failed to assert anything more than opinion, conjecture, and conclusions in support of their allegation that Defendants violated Section 559.72; therefore, their partial motion for summary judgment must be denied as it pertains to the FCCPA.

Additionally, the FCCPA requires knowledge or intent by the debt collector. *Kaplan,* 88 F.Supp.2d 1355. Even if the Court could find any support for Plaintiffs' allegations, there is a genuine dispute as to whether Defendants knew that the debt was legitimate. Therefore, the Court must leave this issue to the fact finder, and deny Plaintiffs' Motion for Partial Summary Judgment as to this issue. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (Dkt.Nos.41) be **GRANTED** in part and be **DENIED** in part; Defendant's Motion for Summary Judgment (Dkt. No. 44) be **DENIED**; and Defendants' Requests for Oral Argument be **DENIED**.