**Peggy SMITH, Plaintiff,**

v.

**ARS NATIONAL SERVICES INC., Defendant.**

Case No. 6:14–cv–2117–Orl–40TBS.

United States District Court, M.D. Florida, Orlando Division.

Signed April 20, 2015.

Michael Tierney, Michael Tierney, PA, Winter Park, FL, for Plaintiff.

Kenneth M. Curtin, Adams & Reese, LLP, Tampa, FL, for Defendant.

## ORDER

PAUL G. BYRON, District Judge.

This cause comes before the Court on Defendant ARS National Services Inc.'s ("ARS") Motion to Dismiss and Supporting Memorandum of Law (Doc. 4), filed on December 30, 2014, and Plaintiff Peggy Smith's ("Plaintiff") Response to ARS's Motion to Dismiss (Doc. 11), filed on January 12, 2015. For the following reasons, the Court denies ARS's Motion to Dismiss.

## I. BACKGROUND [1]

On December 29, 2014, Plaintiff filed a one-count Complaint, alleging that ARS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. (Doc. 2). According to Plaintiff, Plaintiff incurred consumer debt with FIA Card Services, N.A. ("FIA"). (Id. ¶¶ 12–13, Ex. A). Sometime thereafter, FIA transferred the debt to ARS for collection. (Id.). On or about September 8, 2014, ARS mailed Plaintiff a letter (the "Initial Letter") requesting payment of the debt. (Id. ¶ 17, Ex. A). On September 12, 2014, Plaintiff mailed a handwritten letter (the "Notification Letter") to ARS, disputing the alleged debt and refusing to tender payment. (Id. ¶ 19, Ex. A). On October 22, 2014, Plaintiff received another letter from ARS (the "Second Letter") requesting payment on the same alleged debt referenced in the Initial Letter. (Id. ¶ 21, Ex. B).

As a result, Plaintiff states that ARS violated the FDCPA by failing to cease communication with Plaintiff after receiving written notice of Plaintiff's refusal to pay and dispute of the alleged debt. (Id. ¶ 25). ARS moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] (Doc. 4).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). When a complaint fails to "state a claim to relief that is plausible on its face," the defendant may seek dismissal of the complaint under Rule 12(b)(6). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). When considering a Rule 12(b)(6) motion to dismiss, courts must limit their consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); GSW, Inc. v. Long Cnty., Ga., 999 F.2d 1508, 1510 (11th Cir.1993). The court must also accept all well-pleaded factual allegations—but not legal conclusions—in the complaint as true. Twombly, 550 U.S. at 555, 127 S.Ct. 1955. After disregarding allegations that "are not entitled to the

---

1. This account of the facts is taken from Plaintiff's Complaint (Doc. 2), the allegations of which the Court must accept as true in considering ARS's motion to dismiss. See Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir.1992); Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A., 711 F.2d 989, 994 (11th Cir.1983).

2. Defendant fails to state a basis for dismissal under Rule 12(b)(1), thus their Motion to Dismiss as it relates to Rule 12(b)(1) is denied. See M.D. Fla. R. 3.01(a) ("[T]he movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request ....") (emphasis added).

assumption of truth," the court must determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## III. DISCUSSION

■ To state an FDCPA claim, a plaintiff must allege three elements: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *See Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361, 1366 (M.D.Fla.2002) (internal quotation marks omitted). ARS does not dispute that Plaintiff's Complaint satisfies the first two elements. As to the third element, Plaintiff alleges, and ARS disputes, that ARS violated 15 U.S.C. § 1692c(c). (Doc. 2, ¶ 25).

Under the FDCPA, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—"

(1) [T]o advise the consumer that the debt collector's further efforts are being terminated;

(2) [T]o notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) [W]here applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c).

ARS seeks dismissal of Plaintiff's claim on two grounds: (1) Plaintiff failed to allege valid notification pursuant to § 1692c(c), and (2) ARS's communication with Plaintiff was within the exceptions of § 1692c(c)(2). (Doc. 4, pp. 3–8). The Court rejects both arguments.

### A. Notice to Cease Communications Pursuant to § 1692c(c)

■ ARS argues that Plaintiff's Notification Letter "did not constitute effective notification pursuant to 15 U.S.C. § 1692c(c) that [ARS] must cease further communications, but rather was merely requesting verification of the debt pursuant to 15 U.S.C. § 1692g(b)." (*Id.* at p. 3). As support, Plaintiff cites *Graveling v. Sirote & Permutt, P.C.*, No. 2:13–CV–120–VEH, 2014 WL 5293674 (N.D.Ala. Oct. 15, 2014) and *Duby v. Shermeta, Adams & Von Allmen, P.C.*, No. 12–12775, 2012 WL 6705413 (E.D.Mich. Dec. 26, 2012). The Court finds ARS's argument unpersuasive.

As discussed above, the FDCPA's requirement that a debt collector cease further communication with a consumer is triggered when a consumer notifies a debt collector in writing that (1) the consumer refuses to pay a debt or (2) that the consumer wishes the debt collector to cease communications regarding the debt. 15 U.S.C. § 1692c(c); *Bishop v. I.C. Sys., Inc.*, 713 F.Supp.2d 1361, 1367 (M.D.Fla. 2010). While Plaintiff did not expressly request that ARS cease communication with her, she clearly refused to pay the alleged debt by stating, "The amount you're claiming that I owe does not appear to be correct therefore I refuse to pay same." (Doc. 2, Ex. A). Plaintiff therefore alleges sufficient facts showing that

she notified ARS of her refusal to pay, thus triggering § 1692c(c).

ARS's reliance upon *Graveling* and *Duby* is misplaced, as both cases are distinguishable. In *Graveling*, the letter sent by the debtors specifically demanded that the debt collector either provide verification of the debt or cease communicates pursuant to the FDCPA. *Graveling*, 2014 WL 5293674, at *4. The *Graveling* court held that the debtors' letter gave the debt collector *"either* of two options, and [the debt collector] chose one: to verify the debt." *Id.* (emphasis original).

Here, Plaintiff did not explicitly request for ARS to provide verification of the debt, nor did she provide ARS with any alternatives. Thus, the Court finds *Graveling* unpersuasive. Likewise, *Duby* provides no support for ARS's position because the *Duby* court never addressed the argument that ARS is raising. *See Duby*, 2012 WL 6705413, at *3–4.

Taking all allegations as true and in the light most favorable to Plaintiff, the Court finds that Plaintiff sufficiently alleges that she informed ARS that she refused to pay any alleged debt, thereby notifying ARS that they should cease further communications with Plaintiff in accordance with § 1692c(c). Accordingly, ARS's motion to dismiss on the grounds that Plaintiff's Notification Letter did not constitute effective notice pursuant to § 1692c(c) is denied.

**B. Exceptions under § 1692c(c)**

 ARS does not dispute that it communicated with Plaintiff after receiving her Notification Letter. Rather, ARS contends that its Second Letter "is not an attempt to collect a debt, but rather is more akin to a type of settlement offer that debt collectors, including ARS, normally invoke as a remedy and, therefore, falls under the exception to 15 U.S.C. § 1692c(c)(2)." [3] (Doc. 4, p. 6). ARS's Second Letter states, in relevant part:

Are you tired of dealing with attempts to collect on this account? Would you like to resolve this account once and for all? ARS would like to assist you during these difficult times and we are willing to consider any payment arrangement that works for you, including settling the account for less than the balance owed. Call us or visit us on the web today at www.PayARS.com.

(Doc. 2, Ex. B) (alteration in original).

In support of its argument, ARS primarily relies on the analysis and holding from *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389 (6th Cir.1998).[4] In *Lewis*, a debtor exercised his statutory right under the FDCPA and demanded the cessation of communications from debt collector ACB Business Services, Inc. ("ACB"). *Id.* at 395. Despite the debtor's request, ACB continued collection efforts by sending the debtor a letter. *Id.* at 395–96. The letter, included several payment plan options, and stated in relevant part:

Your account has been transferred to my office for final review. In a percentage of cases, I find that payment arrangements may not have been offered

---

**3.** Section 1692c(c)(2) permits a debt collector "to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor," without violating the FDCPA.

**4.** Though ARS cites many other cases in support of its argument, all of them simply rely on the analysis in *Lewis* in determining whether the letters from each respective case fell within the exceptions of § 1692c(c). *See, e.g., Garcia v. Gurstel Chargo, P.A.*, No. 2:12-CV-1930 JWS, 2013 WL 4478919, at *4–5 (D.Ariz. Aug. 21, 2013); *Zand v. Mandarich Law Grp., LLP*, No. SACV 13-00684 JVS (JCGx), 2013 WL 4516093, at *2–3 (C.D.Cal. Aug. 19, 2013); *Duby*, 2012 WL 6705413, at *4–5.

by our affiliated office. In order to provide you with an opportunity to pay this debt, please select one of the following payment arrangements and enclose payment, or provide me with a number where I can contact you to discuss terms.

*Id.* at 396.

The debtor sued ACB asserting that it violated § 1692c(c) of the FDCPA by sending a letter after the debtor requested that they cease communications. *Id.* at 398. In construing the language contained in ACB's letter, the Sixth Circuit decided that the letter fell within the exception of § 1692c(c)(2). *Id.* at 398–99. Specifically, the court held that the letter could be construed as a "settlement offer" and that "ACB normally invokes such a remedy." *Id.* at 399.

The Court finds that *Lewis* is factually distinguishable from the case at hand because the language contain in each respective letter is dissimilar. In *Lewis*, ACB's letter notified the debtor of payment plans available to him and actually "gave Lewis 'an opportunity to pay [the] debt' though [sic] various payment plans." *Id.* at 389. Here, ARS provided no such payment plans in their Second Letter to Plaintiff; instead, ARS merely notified Plaintiff that it was "willing to *consider* any payment arrangement" or a reduction in the balance owed, and instructed Plaintiff to call ARS or visit their website. (Doc. 2, Ex. B) (emphasis added).

Nowhere in *Lewis* does the court suggest that correspondence, which simply includes a passing reference to a payment arrangement or a possible reduction in amount of debt, falls within the exceptions of § 1692c(c). Indeed, other courts appear to suggest that such letters would not fall within § 1692c(c)(2). *See, e.g., Cruz v. Int'l Collection Corp.,* 673 F.3d 991, 994–98 (9th Cir.2012) (analyzing and comparing the facts in *Lewis* ); *Zand v. Mandarich*

*Law Grp., LLP,* No. SACV 13–00684 JVS (JCGx), 2013 WL 4516093, at *3 (C.D.Cal. Aug. 19, 2013) (same); *Montgomery v. Shermeta, Adams & Von Allmen, P.C.,* 885 F.Supp.2d 849, 855–56 (W.D.Mich.2012) (same).

In any event, none of the cases cited in ARS's motion were decided at the motion to dismiss stage. Yet, ARS has attempted to take this Court well beyond the boundaries of a motion to dismiss. The determination of whether ARS's Second Letter constituted an exception to § 1692c(c)(2) is more appropriately conducted on a motion for summary judgment or at trial. At this stage in the proceedings, the Court must simply determine if Plaintiff has alleged a cognizable legal theory.

As stated above, Plaintiff alleges that she placed ARS on notice that it must cease all further communications with her in accordance with § 1692c(c) when she sent her Notification Letter explaining that she refused to make payment on the alleged debt. (Doc. 2, ¶ 19, Ex. A). Plaintiff alleges that, despite her notice, ARS sent her the Second Letter "requesting payment on the same alleged debt," thereby violating § 1692c(c). (*Id.* ¶ 21). While ARS contends that its Second Letter falls within the exception of § 1692c(c)(2), neither the face of the Complaint, nor ARS's Second Letter allows the Court to reasonably conclude that ARS was simply notifying Plaintiff that it may invoke a "specified remedy" that ARS "ordinarily invokes." Therefore, Plaintiff has alleged sufficient facts that enable the Court to reasonably infer that ARS violated the § 1692c(c) by failing to cease communications with Plaintiff. Accordingly, the ARS's motion to dismiss is denied.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss and Supporting Memorandum of Law (Doc. 4) is **DENIED.**

2. Defendant shall answer Plaintiff's Complaint within **fourteen (14) days** of this Order.