[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-13445
Non-Argument Calendar

————————————————

D.C. Docket No. 1:15-cv-01867-TWT

TYRONE WILLIAM HOLLAND,

Plaintiff-Appellant,

versus

GOVERNOR OF GEORGIA,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(August 7, 2019)

Before WILSON, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Tyrone William Holland, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. He argues the district court erroneously determined that subsections (e)(1) and (e)(3) of Georgia's sex offender registry statute, O.C.G.A. § 42-1-12, were not contradictory. According to Holland, (e)(1) exempted him from the registration requirement because his conviction was entered on May 24, 1996 (before July 1, 1996), and thus, he was not subject to (e)(3)'s requirement that all individuals who were previously convicted of a sex offense and released after July 1, 1996, must register. He asserts that requiring him to register under (e)(3), despite his exemption under (e)(1), violated his rights to substantive due process and equal protection under the Fourteenth Amendment to the U.S. Constitution, and also amounted to cruel and unusual punishment in violation of the Eighth Amendment. He also contends that (e)(3) only has prospective application because it is not unambiguously retroactive. After review,[1] we affirm the district court.

---

[1] We review *de novo* a dismissal for failure to state a claim upon which relief may be granted, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). We also review questions of statutory interpretation and constitutional law *de novo*. *U.S. ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 809 (11th Cir. 2015) (statutory interpretation); *Nichols v. Hopper*, 173 F.3d 820, 822 (11th Cir. 1999) (constitutional law).

## I.  DISCUSSION

*A.  Whether subsections (e)(1) and (e)(3) of O.C.G.A. § 42-1-12 are contradictory*

We begin the process of statutory interpretation by looking at a statute's plain language.  *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 924 (11th Cir. 1997).  "As a general rule, the use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately.  Hence, language in a clause following a disjunctive is considered inapplicable to the subject matter of the preceding clause."  *Id.* (quotations omitted).  In other words, disjunctive language establishes alternative means of violating or triggering a statutory provision.  *Rine v. Imagitas, Inc.*, 590 F.3d 1215, 1224 (11th Cir. 2009).

Georgia's sex offender registration statute lists eight categories of individuals who must register as a sex offender.  O.C.G.A. § 42-1-12(e)(1)-(8).  These categories include any individual who:

> (1)    Is convicted on or after July 1, 1996, of a criminal offense against a victim who is a minor; [or] . . .
>
> (3)    Has previously been convicted of a criminal offense against a victim who is a minor and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996.

*Id.* § 42-1-12(e)(1), (e)(3).

The district court did not err in concluding that subsections (e)(1) and (e)(3) of § 42-1-12 were not contradictory because the statute lists the categories of

3

offenders required to register in the disjunctive. The statute, by its plain language, is disjunctive because it separates the eight categories of covered individuals with "or." *See Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1141 (2018) (stating the word "or" is almost always disjunctive). Thus, the statute establishes alternative means by which a sex offender is required to register, and the fact that Holland's conviction is excluded by (e)(1) does not preclude him from registration under (e)(3). *Brown*, 119 F.3d at 924; *Rine*, 590 F.3d at 1224. By arguing that (e)(1) renders him exempt from registration given his May 24, 1996, conviction, Holland misunderstands the nature of the statute's disjunctive categories: (e)(1) is entirely separate and has no bearing on (e)(3)'s registration requirement for offenders who were released from prison on or after July 1, 1996, following a previous conviction. *Rine*, 590 F.3d at 1224. The district court did not err in concluding the categories listed under § 42-1-12(e) were stated in the disjunctive and thus (e)(1) did not prohibit (e)(3) from applying to Holland.

*B. Whether O.C.G.A. § 42-1-12(e)(3) is retroactive and, if so, whether it violates the* Ex Post Facto *Clause*

A statute's language "is ambiguous if it is susceptible to more than one reasonable interpretation, and a forced meaning does not create ambiguity." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 970 (11th Cir. 2016) (*en banc*) (quotations and citation omitted). In testing for ambiguity, we examine "the

4

language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Bankston v. Then*, 615 F.3d 1364, 1367 (11th Cir. 2010) (quotations omitted). Statutes are presumed to have only prospective application, unless the legislature unambiguously directs retroactive application. *Vartelas v. Holder*, 566 U.S. 257, 265-66 (2012).

Section 42-1-12(e)(3) applies retroactively. There is no ambiguity as to the statute's application: it applies to those who have "previously been convicted" of certain crimes, defined by the statute, who will be released after a particular date. *Then*, 615 F.3d at 1367. The "previously been convicted" language clearly establishes the statute's retroactive application, while the specific cut-off date limits the group of offenders covered by that retroactive application. *See Vartelas*, 566 U.S. at 267 (noting that provisions of IIRIRA that applied to convictions "entered before, on, or after" the enactment date were expressly retroactive). Holland's forced reading of the provision does not create ambiguity where none exists. *Villarreal*, 839 F.3d at 970.

The *Ex Post Facto* Clause prohibits Congress and state legislatures from enacting "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *United States v. W.B.H.*, 664 F.3d 848, 852 (11th Cir. 2011)

(quotations omitted).  This prohibition applies only to criminal laws, not to civil regulatory regimes.  *Id.*

In *Smith v. Doe*, the Supreme Court held that Alaska's sex offender registration statute did not violate the *Ex Post Facto* Clause because it established a civil regulatory scheme and did not impose punishment.  538 U.S. 84, 105-06 (2003).  Following *Smith*, we upheld the Sex Offender Registration and Notification Act (SORNA) against an *Ex Post Facto* challenge.  *W.B.H.*, 664 F.3d at 860.  SORNA imposed similar requirements on offenders as the Alaska statute, including the requirement that all offenders covered by the statute must register and verify their information in person and must provide their name, social security number, address, and vehicle description when registering.  *Id.* at 852.  These requirements did not impose a punitive restraint or disability.  *Id.* at 856-58.

Section 42-1-12(e)(3) does not violate the *Ex Post Facto* Clause because, like the registration statutes that have been upheld by both the Supreme Court and this Court, it imposes a civil regulatory regime rather than punishment.  Like the registration statutes upheld in *Smith* and *W.B.H.*, § 42-1-12 requires various categories of sex offenders to provide personal information to the state, keep that information updated, and the state to publish that information.  O.C.G.A. § 42-1-12 (a)(16), (f), (i); *Smith*, 538 U.S. at 90; *W.B.H.*, 664 F.3d at 852.  Such a scheme

does not implicate the *Ex Post Facto* clause because it is civil and regulatory in nature.

We reject Holland's argument that *Vartelas*, 566 U.S. at 261, is controlling. There, the Supreme Court addressed the question of whether a lawful permanent resident convicted of a crime before the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) was subject to a provision of that act that could have denied him reentry to United States.  The provision at issue in that case did not expressly apply retroactively, which the Court noted was in contrast to other provisions of IIRIRA that were clearly retroactive because they applied to convictions entered "before, on, or after" the enactment date.  *Id.* at 266-67.  Further, the provision imposed a new, severe, disability because it potentially barred permanent residents from reentry into the United States.  *Id.* at 267-68.  Accordingly, because the IIRIRA provision applied a disability that Congress did not expressly intend to apply retroactively, the Supreme Court found that it did not retroactively apply to the resident's previous conviction.  *Id.* at 272.  In contrast, the provision at issue here does not impose a new punitive restraint or disability and it expressly applies retroactively.  *See W.B.H.*, 664 F.3d at 856-57.  Accordingly, the district court did not err in concluding that § 42-1-12(e)(3) unambiguously applied retroactively to require Holland's registration.

7

*C.  Due Process, Equal Protection, and Cruel and Unusual Punishment*

Even construed liberally, Holland's complaint does not state any valid constitutional claims.  *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015) (stating *pro se* pleadings are "held to a less stringent standard" than those drafted by attorneys and are "liberally construed").  Holland's constitutional claims are based on his erroneous reading of the registry statute.  He argues that (e)(1) gives him and other similarly situated offenders the right to be free from the registration requirement, and applying (e)(3) violates that right.  However, Holland did not fall under (e)(1) because he was convicted before July 1, 1996.  Rather, he was required to register under the independent category of (e)(3) because he was released from prison on September 23, 2015, following a previous conviction for a sex offense.

Holland does not state any valid constitutional claims.  His due process claim is without merit because Georgia's registration statute is substantively similar to those that have been upheld under the same challenge.  *See Doe v. Moore*, 410 F.3d 1337, 1345-46 (11th Cir. 2005) (upholding Florida's sex offender registry statute under rational basis review after an offender challenged it on substantive due process grounds).  Holland's equal protection clam is based on an incorrect reading of the statute and his proposed group—similarly situated sex

8

offenders who are excluded by (e)(1) but forced to register by (e)(3)—does not exist because the statute does not create such a group.  Finally, Holland has not stated a valid claim under the Eighth Amendment.  Section 42-1-12 does not impose cruel and unusual punishment as the statute, in requiring sex offenders to submit personal information and the state to publish that information, is similar to the registration statutes that the Supreme Court and this Court have determined to be civil and regulatory in nature, rather than punitive.  *See Smith*, 538 U.S. at 93 (holding in general, the imposition of restrictive measures on sex offenders, including requiring registration on a public database, is not punitive); *W.B.H.*, 664 F.3d at 860 (determining registration requirement under SORNA was not punitive).

## II.  CONCLUSION

Because the provisions of § 42-1-12(e) are listed in the disjunctive, they are not contradictory and (e)(1) did not preclude Holland from registration under (e)(3).  Thus, his constitutional claims based on this alleged contradiction are without merit.  Further, the plain language of (e)(3) requires retroactive application of that provision.  Accordingly, we affirm.

**AFFIRMED.**