PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREW LADICK,

      Plaintiff - Appellant,

  v.

GERALD J. VAN GEMERT; LAW
OFFICES OF GERALD J. VAN
GEMERT, a professional corporation,

      Defendants - Appellees.

No. 97-1147

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 96-D-581)**

---

O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, Illinois (Vincent C. Todd, Lakewood, Colorado, with him on the briefs), for Appellant.

Gerald J. Van Gemert (James A. Judge with him on the brief), Gerald J. Van Gemert, P.C., Irvine, California, for Appellees.

---

Before **ANDERSON**, **EBEL**, and **HENRY**, Circuit Judges.

---

**ANDERSON**, Circuit Judge.

---

The question presented in this appeal is whether an assessment owed to a condominium association qualifies as a "debt" within the meaning of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692o. Guided by our recent decision in Snow v. Riddle, -- F.3d --, No. 97-4045, 1998 WL 233383 (10th Cir. May 11, 1998), which interprets the term "debt" under the FDCPA, we hold that it does. We therefore reverse the district court's contrary judgment and remand for further proceedings.

## BACKGROUND

Andrew Ladick brought this action in federal district court against Gerald J. Van Gemert and the Law Offices of Gerald J. Van Gemert ("Mr. Van Gemert"), seeking declaratory judgment and statutory damages for violations of the FDCPA. Mr. Ladick alleged that Mr. Van Gemert, an attorney, sent him a letter on behalf of a California condominium association demanding payment of a past-due condominium assessment fee. According to the complaint, the letter violated the FDCPA in that it failed to give a "validation notice" and did not expressly disclose that Mr. Van Gemert was attempting to collect a debt and that any information obtained would be used for that purpose. See 15 U.S.C. §§ 1692g, 1692e. After both parties moved for summary judgment, the district court found that the condominium assessment sought to be collected by Mr. Van Gemert was

-2-

not a "debt" under the FDCPA and granted summary judgment in favor of Mr.

Van Gemert and his law firm.  Mr. Ladick appeals.


**DISCUSSION**

"We review the grant or denial of a motion for summary judgment de novo,

applying the same legal standard used by the district court pursuant to Fed. R.

Civ. P. 56(c)."  Sender v. Simon, 84 F.3d 1299, 1303 (10th Cir. 1996).  Where

there is no genuine issue of material fact in dispute, we determine whether the

substantive law requires judgment for the moving party.  Id.

> Under the FDCPA, a "debt"
>
> means any obligation or alleged obligation of a consumer to pay
> money arising out of a transaction in which the money, property,
> insurance, or services which are the subject of the transaction are
> primarily for personal, family, or household purposes, whether or not
> such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).  Mr. Van Gemert argues that the condominium assessment

does not involve an extension of credit, and is more like a tax than a debt.  In

particular, he asserts that the assessment at issue here is more like a tax because it

is similar to a municipality levying a tax on its residents.  See Appellees' Br. at

10-13.

Just last month, in Snow v. Riddle, -- F.3d --, No. 97-4045, 1998 WL

233383 (10th Cir. May 11, 1998), we stated that under the plain meaning of this

statutory definition, "an offer or extension of credit is not required for a payment obligation to constitute a 'debt' under the [FDCPA]." Id. at *4. This conclusion is consistent with the Seventh Circuit's holding in Bass v. Stolper, Koritzinksy, Brewster & Neider, S.C., 111 F.3d 1322, 1326 (7th Cir. 1997), as well as the holdings of several other circuits which have addressed this issue. See, e.g., Duffy v. Landberg, 133 F.3d 1120, 1123-24 (8th Cir. 1998); Charles v. Lundgren & Assoc., P.C., 119 F.3d 739, 742 (9th Cir. 1997); Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 924 (11th Cir. 1997). But see Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1168-69 (3d Cir. 1987) (construing the FDCPA as requiring an offer or extension of credit).

It is but a small step from our holding in Snow to the resolution of Mr. Van Gemert's additional argument. Mr. Van Gemert argues that even if an extension of credit is not necessary, the condominium assessment at issue here still does not qualify as a debt because Mr. Ladick's obligation to pay did not arise from a "transaction" within the meaning of the FDCPA. Appellees' Br. at 14. In particular, he asserts that in order to qualify as a debt, the obligation to pay the assessment must arise from a specific transaction or agreement with the condominium association. Id. at 2, 4, 14-15. According to this argument, Mr. Ladick's condominium purchase did not constitute such an agreement.

We reject this argument, and instead follow the reasoning of the Seventh Circuit in Newman v. Boehm, Pearlstein & Bright, Ltd., 119 F.3d 477 (7th Cir. 1997), which, building upon its reasoning in Bass, held that the obligation to pay a condominium assessment arises in connection with the purchase of the condominium itself. Newman, 119 F.3d at 481; see also Thies v. Law Offices of William A. Wyman, 969 F. Supp. 604, 607 (S.D. Cal. 1997) (applying Newman and holding that the obligation to pay homeowners association fees based on a covenant running with the property constituted a "transaction" within the meaning of the FDCPA). Under this reasoning, Mr. Ladick became obligated upon purchasing his condominium unit to pay any assessments pursuant to the governing documents of his assocation, the Rancho Santa Margarita Recreation and Landscape Corporation, as well as under the California statute addressed to condominium property. See Appellant's App. at A-30; Davis-Stirling Common Interest Development Act, Cal. Civ. Code §§ 1350-77. The assessment at issue in this case therefore qualifies as an "obligation of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692*a*(5).

We recognize that not all such obligations are "debts" under the FDCPA because the money, property, insurance, or services which are the subject of the transaction must be primarily for "personal, family, or household purposes." Id. On this issue, we also follow the reasoning of the Seventh Circuit and hold that

although the assessment at issue here is used to maintain and repair the common area, it nevertheless has a primarily personal, family, or household purpose. See Newman, 119 F.3d at 481; see also Thies, 969 F. Supp. at 607-08 (applying Newman and holding that homeowner association fees for maintenance and improvement of common areas are a service primarily for personal, family, or household use). Therefore, we conclude that the condominium assessment owed by Mr. Ladick to his condominium association qualifies as a debt under the FDCPA.

## CONCLUSION

Accordingly, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.