**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2564
_____

CHRIS ANN JAYE,
Appellant

v.

OAK KNOLL VILLAGE CONDOMINIUM OWNERS ASSOCIATION, INC.; ERICK P. SPRONCK; ROBERT A. STEPHENSON; DENNIS LEFFLER; KELLY JONES; JENNIFER COOLING; KONSTANTINOS RENTOULIS; THE ESTATE OF JOSEPH COUSINS, f/k/a Joseph Cousins (deceased); MARILYN COUSINS; LES GIESE; ANNE THORNTON; MAINTENANCE SOLUTIONS, INC., its agents and assigns; CONDO MANAGEMENT MAINTENANCE CORPORATION, its agents and assigns; RCP MANAGEMENT; ACCESS PROPERTY MANAGEMENT, its agents and assigns; FOX CHASE CONTRACTING, LLC., its agents and assigns; TRACY BLAIR; BERMAN, SAUTER, RECORD & JACOBS, PC., its agents and assigns f/k/a Berman, Sauter, Record & Jacobs; KENNETH SAUTER, ESQ. and CPA; EDWARD BERMAN, ESQ.; STEVE ROWLAND, ESQ.; BROWN, MOSKOWITZ & KALLEN, PC., its agents and assigns; HILL WALLACK, its agents and assigns; MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, its agents and assigns; SUBURBAN CONSULTING ENGINEERS, its agents and assigns; SCHNECK, PRICE, SMITH & KING, LLP., its agents and assigns; THE LAW OFFICES OF ANN M. MCGUFFIN, its agents and assigns; WILLIAM TRANSCONTINENTAL GAS PIPELINE, its agents and assigns; CLINTON TOWNSHIP SEWERAGE AUTHORITY, its agents and assigns; PUMPING SERVICES, INC., its agents and assigns; J. FLETCHER-CREAMER & SONS, its agents and assigns; STRATHMORE INSURANCE, its agents and assigns; QBE INSURANCE CORPORATION its agents and assigns; COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., its agents and assigns; MIRRA & ASSOCIATES, LLC, its agents and assigns; JOHN DOES 1-20 (Fictitious Names); STEPHENSON ASSOCIATES, INC.; HENKELS AND MCCOY, INC., its agents and assigns; FREY ENGINEERING; GNY INSURANCE COMPANIES, its agents and assigns

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:15-cv-08324)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 24, 2018
Before:  SHWARTZ, KRAUSE and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 13, 2018)
_____

OPINION[*]
_____

PER CURIAM

Chris Ann Jaye, proceeding pro se, appeals from orders of the United States

District Court for the District of New Jersey dismissing her complaint and her post-

judgment motions for reconsideration.  For the following reasons, we will affirm.

I.

In 2015, Jaye filed an action in the District Court against more than thirty-five

individuals and businesses, based on their roles in state-court litigation pertaining to her

unpaid condominium assessments and fees.  In the complaint, which she later amended,

Jaye raised the following five claims: (1) civil RICO violations; (2) Fair Debt Collection

Practices Act (FDCPA) violations; (3) invasion of privacy; (4) intentional infliction of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

emotional distress; and (5) nuisance. Various defendants moved to dismiss the complaint, arguing, inter alia, that the Jaye's claims were barred by the doctrine of res judicata, that Jaye had failed to state a claim for the federal causes of action, that the applicable statutes of limitations had expired, and that Jaye had signed a stipulation of dismissal in state court that precluded the present suit. The District Court granted the moving defendants' motions and dismissed all claims against all parties. Jaye v. Oak Knoll Vill. Condo. Owners Ass'n, 2016 WL 7013468 (D.N.J. Nov. 30, 2016). Jaye filed a number of motions seeking reconsideration, but the District Court denied relief. Jaye timely appealed.[1]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise de novo review of the District Court's dismissal of the complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's orders denying Jaye's motions for reconsideration for abuse of discretion. See Max's Seafood Café v.

---

[1] In addition to identifying the order granting the motions to dismiss and the order denying her requests for reconsideration, Jaye's notice of appeal indicates that she seeks review of twelve other orders entered by the District Court throughout the litigation. Those orders resolved document management issues and denied Jaye's motions for summary judgment, to amend her complaint, and to consolidate her case with other District Court actions. Other orders identified in the notice of appeal denied Jaye's request for sanctions and her motion for a temporary restraining order. We have thoroughly reviewed these orders and conclude that in each instance the District Court properly denied relief.

Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).  We may affirm on any basis supported by the record.  See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

III.

The District Court properly concluded that Jaye failed to state a civil RICO claim. See 18 U.S.C. § 1962(c).  To state a claim, a plaintiff in a civil RICO action must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 362 (3d Cir. 2010) (internal quotation marks omitted). Section 1961(1) sets forth specific predicate acts that may qualify as "racketeering activity."  18 U.S.C. § 1961(1); see also Banks v. Wolk, 918 F.2d 418, 421 (3d Cir. 1990) ("[n]o defendant can be liable under RICO unless he participated in two or more predicate offenses sufficient to constitute a pattern.").  Jaye's claim was based on allegations that, in obtaining two state court judgments against her for unpaid condominium association fees, the defendants committed the following predicate acts: (1) intimidated her in violation of 18 U.S.C. § 1512 (pertaining to victim or witness tampering); (2) committed mail and wire fraud under 18 U.S.C. § 1341 and § 1343; and (3) extorted her pursuant to 18 U.S.C. § 1511 and N.J.S.A. § 2C:20-5.  As explained below, Jaye failed to state a claim for any of her alleged RICO predicate offenses.

Jaye claimed that the defendants violated § 1512, which prohibits tampering with victims and witnesses in an "official proceeding."  An "official proceeding" under § 1515(a)(1)(A) includes "a proceeding before a federal judge, court, or grand jury, but not a state proceeding."  United States v. Petruk, 781 F.3d 438, 445 (8th Cir. 2015).

4

Because the alleged tampering took place in connection with state judicial proceedings, it cannot serve as a RICO predicate offense. See Deck v. Engineered Laminates, 349 F.3d 1253, 1257 (10th Cir. 2003) ("tampering with a witness in a state judicial proceeding, the offense that Plaintiff alleged, is not a RICO predicate act.").

In addition, Jaye failed to sufficiently plead mail or wire fraud under § 1341 and § 1343. Mail or wire fraud consists of (1) a scheme to defraud, (2) use of the mail or interstate wires to further that scheme, and (3) fraudulent intent. United States v. Pharis, 298 F.3d 228, 233-34 (3d Cir. 2002). Notably, allegations of mail or wire fraud which serve as a predicate for a RICO violation are subject to the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which states that "a party must state with particularity the circumstances constituting fraud." See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004), abrogated in part on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Here, Jaye's amended complaint contained only conclusory allegations that the defendants "communicated by mail, email and phone" to coordinate and file court documents, to demand monies, and to provide notice of liens, collections letters, and legal demands. We agree that these allegations, which describe normal communications between adverse parties, fail to satisfy Rule 9(b)'s particularity standard. Id. at 224-25 (affirming dismissal of § 1962(c) claim because conclusory allegations failed to identify specific misrepresentations or who sent them to which plaintiff).

5

Jaye's extortion allegations also fail to state a claim. In support of those claims, Jaye cited 18 U.S.C. § 1511, which prohibits conspiring to obstruct the enforcement of state or local laws with the intent to facilitate an illegal gambling business. 18 U.S.C. § 1511(a). Jaye did not make any assertion that the defendants sought to facilitate an illegal gambling business. Citing New Jersey's extortion statute, N.J.S.A. § 2C:20-5, Jaye also claimed that the defendants "attempted to obtain monies from [her] by threat and fear." But she did not set forth any facts in support of this claim. Instead, she simply repeated the elements of § 2C:20-5(c) (threatening to expose or publicize any secret or asserted fact, whether true or false, tending to subject any person to hatred, contempt, or ridicule, or to impair her credit or business repute) and § 2C:20-5(g) (threatening to inflict any other harm which would not substantially benefit the actor but which is calculated to materially harm another person). This is simply insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("a formulaic recitation of the elements of a cause of action will not do" (quoting Twombly, 550 U.S. at 555)). Accordingly, because Jaye failed to state a claim for any of her alleged RICO predicate offenses, the District Court properly dismissed her § 1962(c) claims.

6

## IV.

Jaye's amended complaint also failed to state an FDCPA claim.  The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors."  Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000) (citing Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987)).  Jaye's FDCPA claim was brought against a law firm, Brown Moskowitz & Kallen, P.C. (BMK), and one of its attorneys, Steven R. Rowland, who represented the condominium association in several collection actions related to Jaye's unpaid assessments and fees.  In particular, she alleged that those defendants "made false and misleading representations in the collection of debts" and "pursued collection actions after failing to provide verification in violation of [15 U.S.C. § 1692g(b)]."  Section 1692g(b) requires a debt collector who receives a timely written dispute from a consumer to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt ... and a copy of such verification ... is mailed to the consumer by the debt collector."

Liberally construing Jaye's allegations in her favor and granting her the benefit of all reasonable inferences to be derived from the facts alleged, we conclude that she failed to state a viable FDCPA claim.  In their motion to dismiss Jaye's initial complaint, BMK and Attorney Rowland asserted Jaye "fail[ed] to allege any specific facts of an FDCPA violation that would satisfy the Iqbal standards."  Thereafter, Jaye filed an amended complaint but still did not adequately plead that BMK and Attorney Rowland made any

7

materially false statement that would have been confusing to the least sophisticated debtor. See Tatis v. Allied Interstate, LLC, 882 F.3d 422, 427 (3d Cir. 2018). Her amended complaint did not identify the debts that the defendants sought to collect, assert that she complied with her obligations to properly dispute the debts, or allege that the defendants failed to cease collection efforts after receiving written notification from her. See Guerrero v. RJM Acquisitions, LLC, 499 F.3d 926, 940 (9th Cir. 2007) (stating that "[n]othing in [§ 1692g(b)] suggests an independent obligation to verify a disputed debt where the collector abandons all collection activity with respect to the consumer"). Instead, Jaye's amended complaint set out the kind of conclusory and speculative statements that cannot survive a motion to dismiss. See Iqbal, 556 U.S. at 678. Therefore, the District Court properly granted BMK and Attorney Rowland's motion to dismiss the FDCPA claims in Jaye's amended complaint.[2] The District Court also did not err in concluding that, in light of Jaye's "repeated failures to plead an adequate complaint," further amendment of her civil RICO and FDCPA claims would be futile. See Martin v. Duffy, 858 F.3d 239, 247 (4th Cir. 2017) ("repeated, ineffective attempts at amendment suggest that further amendment of the complaint would be futile").

---

[2] In light of this determination, we will not address the District Court's conclusion that Jaye's FDCPA's claims were barred by the Rooker-Feldman doctrine, or BMK and Attorney Rowland's arguments that they are not "debt collectors" and that condominium assessments are not "debts." See Heintz v. Jenkins, 514 U.S. 291, 299 (1995) (holding that a "debt collector" includes an attorney who " 'regularly' engage[s] in consumer-debt-collection activity, even when that activity consists of litigation."); Ladick v. Van Gemert, 146 F.3d 1205, 1206 (10th Cir. 1998) (holding that an assessment owed to a condominium association qualifies as a "debt" within the meaning of the FDCPA).

V.

We agree with the District Court's dismissal of Jaye's state law claims for invasion of privacy, intentional infliction of emotional distress, and nuisance. A District Court has discretion to decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As discussed above, the District Court properly rejected Jaye's claims under federal law. Therefore, it plainly acted within its discretion in declining to hear her state law claims. See Maio v. Aetna, Inc., 221 F.3d 472, 480 n.6 (3d Cir. 2000).

VI.

Finally, the District Court did not abuse its discretion in denying Jaye's requests for reconsideration. A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (citation and quotation marks omitted). Jaye's requests did not present any valid basis for reconsideration. Rather, those requests merely rehashed arguments that she presented in submissions opposing the defendants' motions to dismiss.

VII.

For the foregoing reasons, we will affirm the judgment of the District Court.[3] We also remind Jaye that "[n]o action will be taken on any motion that seeks relief that has already been requested in any of [her] appeals," that "if she continues to submit repetitive and frivolous documents to the Court, the Court will issue an order to show cause why [she] should not be enjoined from filing[,]" and that if "she continues to make disparaging remarks against opposing parties, counsel, or judges or allegations of criminal behavior or other wrongdoing by persons involved in the litigation that are not supported by clear evidence, she will be subject to sanctions, including monetary fines." See Jaye v. Oak Knoll Vill. Condo. Assoc., C.A. No. 18-2187 (order entered August 2, 2018).

---

[3] We grant the Appellees' "Motion[s] for Leave to Rely on District Court Record" (filed on January 25, 2018), the "Cross-Motion to Extend Time for Filing Responsive Brief" and "Motion to Rely on Original Record" (filed on February 6, 2018), and the request to file an opposition to Jaye's Motion to Remand (filed on February 9, 2018). Jaye's "Motion to Expand the Record" (filed on February 27, 2018), which seeks to introduce a state court hearing transcript and other documents, is granted. But we deny Jaye's "Motion to Address Issues with Notice of Appearances" and her "Opposition to Supplemental Appendix" (filed on January 30, 2018). We also deny Jaye's "Motion to Remand" (filed on January 31, 2018)," her motions for sanctions (filed on February 7, 2018, February 28, 2018, and March 8, 2018), her motions for injunctive relief (filed on May 21, 2018, June 11, 2018, and June 25, 2108), her "Motion to Remand" (filed June 8, 2018), her motion to review documents filed by Attorney Rowland (filed on June 14, 2018), and her motion for "Emergent Stay of State Action" (filed on June 27, 2018).